COLUMBIA MUTUAL CASUALTY INSURANCE COMPANY, ET. AL. *v.* Richard COGER and Kay COGER

CA 90-321                                   811 S.W.2d 345

Court of Appeals of Arkansas
Division II
Opinion delivered July 3, 1991
[Rehearing denied August 21, 1991.]

*Davis & Goldie*, by: *Steven B. Davis*; and *Rose Law Firm, A Professional Association*, by: *Vince Foster, Jr.* and *Sam P. Strange, Jr.*, for appellants.

*Ball & Mourton*, by: *Kenneth R. Mourton*, for appellees.

JAMES R. COOPER, Judge. The appellees in this chancery case are general partners in a business operated under the trade styles of Ace Hardware and Huntsville Lumber Company. On August 1, 1988, a truck owned by Huntsville Lumber Company and operated by the appellees' employees was delivering lumber on a State highway when part of the load fell off the truck, landed on the highway, and collided with a van traveling in the opposite direction, resulting in property damage to the van and personal injury to its occupants. The occupants of the van filed a negligence action against the appellees d/b/a Huntsville Lumber Company. At the time of the accident, the appellees' truck was an insured vehicle under an automobile liability policy issued by State Farm Mutual Automobile Insurance Company. On notification of the accident by the appellees, State Farm provided a defense and paid a portion of their policy limits. The appellees were also covered under a commercial general liability policy issued by the appellant, Columbia Mutual, covering the business premises occupied by the hardware store. The appellees made demand on Columbia, which asserted that the accident was excluded under the terms of its policy. The appellees then filed a declaratory judgment action against Columbia seeking a declaration that the accident was a covered occurrence under Columbia's policy. The trial court

concluded that Columbia was obligated to provide both a defense and coverage under the commercial liability policy. From that decision, comes this appeal.

The appellants contend that the trial court erred in concluding that the accident was not excluded under the auto exclusion of Columbia's commercial liability policy. We agree, and we reverse.

The automobile exception in question provided that the insurance did not apply to:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

"Loading or unloading" is defined in the policy as follows:

> "Loading or unloading" means the handling of property:
>
> a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto;"
>
> b. While it is in or on an aircraft, watercraft or "auto;" to the place where it is finally delivered;
>
> c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

Finally, the policy defines "auto" as:

> a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment.

The underlying lawsuits filed against the appellees allege negligence in the operation of the vehicle, in securing the load, and in maintenance of the straps used to secure the load. The trial judge concluded that the policy exception was ambiguous, and construed it against the appellant insurer. He found that, although the policy excluded coverage for the alleged negligence in the operation of the vehicle, the policy covered the alleged negligence in the maintenance of the straps used to secure the

load, and in securing the load.

We hold that the trial judge erred in ruling that the allegations of negligence gave rise to coverage and the duty to defend under the policy. The language in an insurance policy is to be construed in its plain, ordinary, popular sense. *CNA Insurance* v. *McGinnis*, 282 Ark. 90, 666 S.W.2d 689 (1984). Resort to rules of construction is unnecessary if the terms of an insurance contract are not ambiguous, and in such cases the policy will not be interpreted to bind the insurer to a risk which it plainly excluded and for which it was not paid. *Baskette* v. *Union Life Insurance Co.*, 9 Ark. App. 34, 652 S.W.2d 635 (1983). Significantly, the insurer in the case at bar did not limit coverage for injury or damage caused by the operation, maintenance, use, or entrustment of a vehicle, but instead excluded coverage for injuries "arising out of" such operation, maintenance, use or entrustment. This is virtually identical to the exclusionary language at issue in *Aetna Casualty & Surety Co.* v. *American Manufacturers Mutual Insurance Co.*, 261 Ark. 326, 547 S.W.2d 757 (1977), where a declaratory judgment action was brought to interpret a homeowner's insurance policy with a recreational motor vehicle exclusion. The underlying action in *Aetna* was premised on allegations that the homeowner negligently entrusted a minibike to a minor child who injured a person while operating the minibike on a sidewalk. The Supreme Court affirmed the trial court's finding of no coverage, stating that:

> Aetna's argument that the "negligent entrustment", rather than the "use" of the minibike, is the negligent act ignores the clear language of the exclusionary clause.

*Aetna*, 261 Ark. at 328. In the case at bar, whether or not the lumber briefly came to rest before being struck by the van, and whether the negligent act was the operation of the vehicle, the securing of the load, or the maintenance of the straps securing the load, the injury and damage clearly arose out of the ownership, maintenance, or use of the truck or attached equipment and was therefore not covered by the policy.

Reversed and dismissed.

DANIELSON and ROGERS, JJ., agree.