TRI-STATE INSURANCE CO. *v.* Perry SING, et al.

CA 92-363                                                   850 S.W.2d 6

Court of Appeals of Arkansas
Division I
Opinion delivered March 17, 1993
[Rehearing denied April 14, 1993.]

*Hardin, Jesson, Dawson & Terry*, by: *J. Rodney Mills*, for appellant.

*Hixon, Cleveland & Rush*, by: *David L. Rush*, for appellees.

JUDITH ROGERS, Judge. The appellant, Tri-State Insurance Company, appeals from an order declaring that it was obligated under a contract of insurance to provide a defense for appellees Perry Sing and Big Cat, Inc., in a lawsuit brought against them. On appeal, appellant claims error in the chancellor's ruling, contending that Sing was not an insured under the policy and that no coverage existed based on an exclusion contained in the policy. We agree that appellant had no duty to defend under the insurance policy in question, and reverse.

On the morning of May 7, 1990, appellee Perry Sing, while driving his own vehicle, was involved in an automobile accident in which Kathy Conley, the driver of the other car, was killed. As a consequence of the accident, Ms. Conley's estate pursued a wrongful death action against Sing and appellee Big Cat, Inc., Sing's employer. It was alleged in the complaint that Sing's negligence was imputed to Big Cat based on the allegation that the accident occurred during the course and scope of Sing's employment. Appellees made demand on appellant to provide them with a defense in the lawsuit, claiming that the duty to defend arose out of two policies of insurance issued by appellant to Big Cat. One of the policies was a commercial automobile policy which listed coverage for eleven scheduled vehicles, while the other was a general commercial liability policy. Appellant thereafter filed this declaratory action contending that it had no

duty to defend appellees under either policy. The chancellor found that appellant was not obligated to provide appellees with a defense pursuant to the automobile policy since Sing's vehicle was not one of those listed for coverage. The chancellor determined, however, that appellant owed the duty to defend both Sing and Big Cat under the commercial liability policy.

Appellant's first argument is that the chancellor erred in finding that Sing was an insured under the policy. This argument is based on the provision in Section II of the policy defining an "insured" as:

> (a)   Your employees, other than your executive directors, but only for acts within the course and scope of their employment by you.

It is the appellant's contention that Sing was not an insured because the evidence reflects that he was not acting in the course and scope of his employment when the accident occurred.

As its second issue, appellant contends that the chancellor's decision was in error because coverage was excepted under the "automobile exclusion" contained in the policy. On this point, appellant relies on the provision which states that coverage does not extend to:

> (g)   "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and loading or unloading.

■ The law governing an insurer's duty to defend is well-settled. As a general rule, the pleadings against the insured determine the insurer's duty to defend. *Insurance Co. of North America* v. *Forrest City Country Club*, 36 Ark. App. 124, 819 S.W.2d 296 (1991). The duty to defend is broader than the duty to pay damages and the duty to defend arises where there is a possibility that the injury or damage may fall within the policy coverage. *Commercial Union Ins. Co. of America* v. *Henshall*, 262 Ark. 117, 553 S.W.2d 274 (1977).

We find it unnecessary to address appellant's first argument questioning whether Sing was an insured under the policy. Even

assuming that Sing was an insured as an employee acting in the course and scope of his employment (as was alleged in the wrongful death action), we conclude that there was no possibility that the claim would fall within the policy coverage in light of the exclusion mentioned above.

The language in an insurance policy is to be construed in its plain, ordinary and popular sense. *Columbia Mutual Casualty Ins. Co. v. Coger*, 35 Ark. App. 85, 811 S.W.2d 345 (1991). Here, the policy plainly excluded coverage for injuries "arising out of the . . . use . . . of any auto . . . owned or operated . . . by any insured." It is undisputed that the wrongful death action arose out of an accident involving Sing's operation of an automobile which he owned. By its clear language, the policy did not cover the claimed injuries.

Moreover, the insurance contract in question was a general commercial liability policy. As is stated in 7A Appleman, *Insurance Law and Practice* (Berdal ed.), § 4500.04 (1979):

> Liability insurance is generally written for a specific hazard in order to enable the underwriter to calculate premiums on some equitable as well as predictable basis. As a result, the hazard to be covered under each policy is carefully defined and others are excluded. Thus, any automobile liability policy will, generally, exclude manufacturing and other business activities *whereas a general liability policy provides protection only for the specific hazard for which premiums have been paid. All others are excluded, and unless the automobile hazard is included in a general liability policy, use of automobiles is excluded, or only covered within narrow limits such as on premises.*

Contracts of insurance should receive a practical, reasonable and fair interpretation consonant with the apparent object and intent of the parties in the light of their general object and purpose. *Northwestern National Ins. Co. v. Stanley*, 268 Ark. 1058, 598 S.W.2d 439 (Ark. App. 1980). The terms of an insurance contract are not to be rewritten under the rule of strict construction against an insurer so as to bind the insurer to a risk which is plainly excluded and for which it was not paid. *Southern Farm Bureau Casualty Ins. Co. v. Williams*, 260 Ark. 659, 542 S.W.2d 467 (1976). From our reading of the policy, the exclusion reflects

the intent to exclude from coverage damages arising from the use of automobiles. Cogent evidence of such a construction is that Big Cat held a separate policy providing coverage for its automobiles. *See Allstate Ins. Co.* v. *Jones*, 188 Cal. Rptr. 557 (Cal. Ct. App. 1983). In sum, we hold that appellant was not obligated to furnish appellees with a defense under the terms of the policy. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

COOPER and ROBBINS, JJ., agree.