FIRST FINANCIAL INSURANCE COMPANY
*v.* NATIONAL INDEMNITY COMPANY

CA 94-562                                     898 S.W.2d 63

Court of Appeals of Arkansas
Division II
Opinion delivered May 17, 1995

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley,* for appellant.

*Wright, Lindsey & Jennings*, by: *Jay Moody*, for appellee.

JOHN MAUZY PITTMAN, Judge. First Financial Insurance Company has appealed from a declaratory judgment for appellee, National Indemnity Company. Appellee brought this action to determine coverage of injuries received in an accident by Kathy Kesterson, a passenger in a logging truck that was owned by Julius DeLaughter. We hold that the special circuit judge erred in imposing coverage on appellant and reverse.

At the time of the accident, Mr. DeLaughter had a comprehensive general liability policy issued by appellant and an automobile policy issued by appellee. Before the accident, the truck was loaded with logs by use of a hydraulic boom loader that was separate from the truck. The accident occurred as Mr. DeLaughter's employee delivered timber from the woods to a mill. After the accident, Ms. Kesterson sued Mr. DeLaughter and alleged that the accident had been caused by his or his agents' negligence in loading the truck, which had caused the load to shift, or by Mr. DeLaughter's failure to maintain functioning brakes on the truck. At first, appellant assumed defense of the action but later tendered the defense to appellee based on an auto exclusion in appellant's contract with Mr. DeLaughter. Appellee accepted the defense at that time.

In February 1993, appellee filed a complaint for declaratory judgment against appellant, alleging that it had mistakenly accepted the defense of Mr. DeLaughter. Appellee alleged that appellant should accept his defense because the primary cause of Ms. Kesterson's damages was the improper loading of the vehicle, which was purportedly covered under appellant's policy. In defense, appellant relied on the following exclusion set forth in its policy:

This insurance does not apply:

. . . .

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or

(2) any other automobile or aircraft operated by any person in the course of his employment by any insured....

This policy also had an amendatory endorsement that included the following definition:

"[L]oading or unloading", with respect to an automobile, means the handling of property after it is moved from the place where it is accepted for movement into or onto an automobile or while it is in or on an automobile or while it is being moved from an automobile to the place where it is finally delivered, but "loading or unloading" does not include the movement of property by means of a mechanical device (other than a hand truck) not attached to the automobile.

Appellee argued that the definition of "loading or unloading" in the amendatory endorsement rendered the exclusion not applicable, and the special circuit judge agreed.

Appellant argues that whether Ms. Kesterson's injuries occurred from faulty loading of the truck, faulty brakes, or their combination, its exclusion of coverage for injuries arising out of the ownership, maintenance, operation, or use of a vehicle applies. We agree.

In order to be ambiguous, a term in an insurance policy must be susceptible to more than one reasonable construction. *Insurance Co. of N. Am.* v. *Forrest City Country Club*, 36 Ark. App. 124, 127, 819 S.W.2d 296 (1991). The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Tri-State Ins. Co.* v. *Sing*, 41 Ark. App. 142, 145, 850 S.W.2d 6 (1993); *Insurance Co. of N. Am.* v. *Forrest City Country Club*, 36 Ark. App. at 127; *Columbia Mut. Casualty Ins. Co.* v. *Coger*, 35 Ark. App. 85, 88, 811 S.W.2d 345 (1991). Contracts of insurance should receive a practical, reasonable, and fair interpretation consonant with the apparent object and intent of the parties in the light of their general object and purpose. *Tri-State Ins. Co.* v. *Sing*, 41 Ark. App. at 145. Resort to rules of construction is unnecessary if the terms of an insurance contract are not ambiguous, and in such cases, the policy will not be interpreted to bind the insurer to a risk which it plainly excluded

and for which it was not paid. *Id.*; *Columbia Mut. Casualty Ins. Co.* v. *Coger*, 35 Ark. App. at 88. Usually, a general liability policy provides protection only for the specific hazard for which premiums have been paid; all others are excluded, and unless the automobile hazard is included in a general liability policy, coverage for use of automobiles is excluded, or only covered within narrow limits such as on premises. *Tri-State Ins. Co.* v. *Sing*, 41 Ark. App. at 145.

■    Here, the policy plainly excluded coverage for injuries arising out of the ownership, maintenance, operation, and use of any automobile owned by the insured. We believe this exclusion reflects the intent to exclude damages such as those Ms. Kesterson suffered arising from the use of a truck. As in *Tri-State Ins. Co.* v. *Sing*, cogent evidence of such a construction is the fact that the insured held a separate policy with appellee providing coverage for his automobiles. Whether the logs were improperly loaded by use of a mechanical device, Ms. Kesterson's injuries clearly arose out of the ownership, maintenance, operation, or use of the truck and were therefore not covered by appellant's policy.

Reversed.

COOPER and MAYFIELD, JJ., agree.