**VALIANT INSURANCE COMPANY and
Northern Insurance Company of
New York, Plaintiffs,**

v.

**HAMILTON FUNERAL SERVICE CENTERS d/b/a Young's Funeral Directors
of Distinction, Defendant.**

**Civil No. 95–1083.**

United States District Court,
W.D. Arkansas,
El Dorado Division.

April 10, 1996.

G. Spence Fricke and Christopher Gomlicker, Barber, McCaskill, Amsler, Jones & Hale, P.A., Little Rock, AR, for plaintiffs.

Robert C. Compton, Compton, Prewett, Thomas & Hickey, P.A., El Dorado, AR, for defendant.

### *MEMORANDUM OPINION*

BARNES, District Judge.

Before the Court is a motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings by plaintiffs Valiant Insurance Company (Valiant) and Northern Insurance Company of New York (Northern). Defendant Hamilton Funeral Service Centers d/b/a Young's Funeral Directors of Distinction (Hamilton) has responded to the motion. The following constitutes the Court's findings on whether judgment on the pleadings is appropriate.

### I. BACKGROUND

Plaintiffs Valiant and Northern each issued a policy of insurance to Hamilton on September 1, 1993. Policy # MS83728825, issued by Valiant, has a liability limit of one million dollars ($1,000,000) per occurrence and policy # UBA69084946, issued by Northern, is an umbrella policy having a limit of two million dollars ($2,000,000.00) per occurrence. Both policies were cancelled on January 5, 1994.

Hamilton, through its El Dorado, Arkansas office, handled the burial arrangements for Dorothy Riley, who was buried in El Dorado on November 11, 1993. On November 11, 1994, Dorothy Riley's body was exhumed for purposes of ongoing medical malpractice liti-

gation. It was allegedly discovered on that date that the casket and vault had leaked, permitting water to contact the body of Dorothy Riley.

On January 13, 1995, Robert Riley II, Dewayne Bass, Rhonda Goodwin, Jimmy Bass, Beth Wedgeworth and Gene Buchanan filed suit against Hamilton in the Circuit Court of Union County, Arkansas for alleged damages arising from the discovery of the condition of Dorothy Riley's body on November 11, 1994. On September 1, 1995, the plaintiffs in the Arkansas state court action filed an amended complaint adding a claim for breach of contract. Valiant is currently providing a defense in the state court action under a reservation of rights, pending a determination by this Court of the rights and obligations between plaintiffs and Hamilton arising from the insurance contracts.

Plaintiffs seek a declaratory judgment regarding the rights and legal relations of plaintiffs and Hamilton under their respective insurance contracts. Specifically, plaintiffs request a declaratory judgment that there is no available insurance coverage under the policies plaintiffs issued to Hamilton and, consequently, that plaintiffs are under no duty to defend Hamilton in the state court action. Plaintiffs also seek a declaration that no party has any entitlement to any benefit otherwise available under the policies and they request an award of costs.

On October 18, 1995, Hamilton filed its counterclaim asking for a judgment that determines and declares insurance coverage in its behalf. Hamilton also seeks an award of statutory attorney's fees. On December 14, 1995, plaintiffs filed their motion for judgment on the pleadings, alleging that the pleadings and attached documents show on their face no material issue of fact exists and that plaintiffs are entitled to judgment as a matter of law.

## II. DISCUSSION

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Eighth Circuit Court of Appeals has stated: "The standard [for judgment on the pleadings] is strict: judgment on the pleadings is not appropriate unless the moving party has 'clearly establishe[d] that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law.'" *National Car Rental System, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993) (quoting *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters*, 627 F.2d 853, 855 (8th Cir.1980)). The Court must accept all facts pled by the non-moving party as true and grant all reasonable inferences from the pleadings in the non-moving party's favor. *Id.*

The grant of a motion for judgment on the pleadings constitutes final judgment on the merits of the controversy within the meaning of Fed.R.Civ.P. 54. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1372 (1990). Judgment on the pleadings cannot be granted if any material issue cannot be resolved on the pleadings. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 883 F.2d 1429 (9th Cir.1989); *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir.1987). "[H]asty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defense." 5A Wright & Miller, *supra* § 1368.

The central issue for this Court's determination is whether the insurance policies issued by Valiant and Northern provide coverage when property damage or bodily injury occurs after the expiration of the policy period. Valiant and Northern argue that the injuries allegedly sustained by the plaintiffs in the state court action occurred outside the coverage period of the applicable policies; consequently, no duty to defend exists. Hamilton argues that any alleged wrongful conduct occurred within the coverage period of the policies.

The Court's inquiry must begin with an examination of the language contained within the policies. The pertinent provisions of policy # MS83728825, issued by Valiant, are as follows:

### A. COVERAGES

1. **Business Liability.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under COVERAGE EXTENSION—SUPPLEMENTARY PAYMENTS.

a. This insurance applies only:

(1) To "bodily injury" or "property damage":

    (a) That occurs during the policy period; and

    (b) That is caused by an "occurrence." The "occurrence" must take place in the "coverage territory".

        \*    \*    \*    \*    \*    \*

F. LIABILITY AND MEDICAL EXPENSES DEFINITIONS:

9. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The pertinent provision of policy # UBA69084946, issued by Northern, is as follows:

2.01 **COVERAGE**

We will pay the "Ultimate Net Loss" in excess of the "Retained Limit" the "insured" becomes legally obligated to pay as damages because of "personal injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under Item 2.02 Defense, Settlement and Supplementary Payments. The "personal injury" or "property damage" must be caused by an "occurrence" which occurs during the policy period.

█ An insurance policy is nothing more than a contract between the insurance carrier and its insured and the ordinary rules of contract interpretation shall govern. *Entertainment Innovators, Inc. v. Scottsdale Ins. Co.*, 839 F.Supp. 654 (W.D.Ark.1993). The language within an insurance policy is to be construed in its plain, ordinary and popular sense. *Tri–State Ins. Co. v. Sing*, 41 Ark. App. 142, 850 S.W.2d 6 (1993) (citing *Columbia Mut. Cas. Ins. Co. v. Coger*, 35 Ark.App. 85, 811 S.W.2d 345 (1991)). The policies issued by Valiant and Northern plainly apply to bodily injury occurring within the policy period only. The language within the policies cannot be reasonably interpreted otherwise.

█ "The generally accepted rule is that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time when the wrongful act was committed, but the time when the complaining party was actually damaged. This general principal applies to all types of liability policies,...." 43 Am.Jur.2d *Insurance* § 243 (1982). It is immaterial when the event which caused the injury took place; the deciding factor is when the injury occurred. *See Outdoor World v. Continental Casualty Co.*, 122 Ariz. 292, 594 P.2d 546 (App.1979); *Hallmark Ins. Co. v. Superior Court*, 201 Cal.App.3d 1014, 247 Cal.Rptr. 638 (1988); *Landerman v. United States Fidelity & Guaranty Co.*, 25 Conn.Sup. 297, 203 A.2d 150 (1964); *Kraul v. Maine Bonding & Casualty Co.*, 559 A.2d 338 (Me.1989); *Employers Mut. Liab. Ins. Co. v. Michigan Mut. Auto Ins. Co.*, 101 Mich.App. 697, 300 N.W.2d 682 (1980); *Dennis Cain Motor Co. v. Universal Underwriters Ins. Co.*, 614 S.W.2d 275 (Mo.App.1981); *Hoeft v. United States Fire Ins. Co.*, 153 Wis.2d 135, 450 N.W.2d 459 (App.1989).

█ The time the plaintiffs in the state court action sustained any injuries was on or after November 11, 1994, and both insurance policies were cancelled prior to that time. Valiant and Northern have clearly established that no remaining material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law.

### III. CONCLUSION

The motion for judgment on the pleadings by plaintiffs Valiant and Northern is hereby granted.