RANGER INSURANCE COMPANY,
Plaintiff,

v.

The HEIRS AND WRONGFUL DEATH BENEFICIARIES OF April Tenille BRANNING, By and Through Lelia Branning Tucker, the Mother of April Tenille Branning on Behalf of Lester Branning, Father of April Tenille Branning and Scott Branning, Brother of April Tenille Branning; Carey Tomlinson, as Administrator of the Estate of Michael D. Tomlinson; Tomlinson Avionics of Mississippi, Inc.; Tomlinson Avionics, Inc. and Michael B. Rives, Defendants.

No. CIV. A. 3:96CV813LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 23, 1997.

---

Robert A. Miller, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Lewis R. Sifford, Kevin W. Vice, Sifford & Anderson, Dallas, TX, for Plaintiff.

Edward A. Williamson, Philadelphia, MS, Hartwell T. Ashford, Jackson, MS, Shane F. Langston, Langston, Frazer, Sweet & Freese, Jackson, MS, William B. Howell, Jackson, MS, John Graham Holaday, Jackson, MS, for Defendants.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiff Ranger Insurance Company for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Several of the defendants, namely Tomlinson Avionics, Inc., Tomlinson Avionics of Mississippi, Inc., and Carey Tomlinson, Administrator of the Estate of Michael D. Tomlinson, agree that the motion should be granted and have thus not filed a response in opposition. There has been no response to the motion by the heirs and wrongful death beneficiaries of April Tenille Branning. The remaining defendant, Michael B. Rives, has responded in opposition to Ranger's motion and the court, having now considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

At issue in this case is whether a policy of liability insurance issued by Ranger to Tomlinson Avionics, Inc. provides coverage for an accident that occurred when, on the night of October 25, 1994, a private airplane owned by Tomlinson Avionics, Inc. and piloted by Michael D. Tomlinson crashed shortly after takeoff from John Bell Williams Airport in Hinds County, Mississippi. Tomlinson and one of the passengers, April Tenille Branning, were killed in the crash, and the other two passengers, Monica Hancock and Michael B. Rives, were injured. Following the accident, Rives and April Tenille Branning's heirs and wrongful death beneficiaries filed separate suits in Hinds County Circuit Court, Second Judicial District, against nu-

merous defendants alleged to have caused or contributed to the crash, including Michael Tomlinson's estate, Tomlinson Avionics, Inc., which owned the aircraft and managed the John Bell Williams Airport, Tomlinson Avionics of Mississippi, Inc., an affiliate of Tomlinson Avionics, Inc., and Hinds Community College District, which had leased the airport to Tomlinson Avionics, Inc.[1]

At the time of the accident, Tomlinson Avionics, Inc. and Hinds Community College District were covered by a commercial general liability policy issued by Reliance Insurance Company. Tomlinson Avionics was also covered by another general liability policy issued by Titan Insurance Company, and also had coverage under another commercial general liability policy issued by Ranger. After the suits were filed in state court, Titan was tendered and accepted defense of the claims against its insureds, including Tomlinson Avionics, Inc., Michael Tomlinson and Tomlinson Avionics of Mississippi, and it agreed to make its policy limits available for settlement purposes. The plaintiffs in both cases, though, maintained that there was also coverage for the accident under the Ranger policy. Consequently, Ranger filed the present action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the court to declare that it has no duty to defend or indemnify the Tomlinson defendants under its policy.

Ranger contends in this action that the claims asserted against its insureds in the state court suits are specifically excluded from coverage of its policy based on the "aircraft/automobile" exclusion set forth in Section I.2.g. of the policy, which states as follows:

■ This insurance does not apply to:

g. "Bodily injury" or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.[2]

In the court's opinion, it is apparent that each of the claims asserted against the Tomlinson defendants in the state court suits seeks damages for " 'bodily injury' arising out of the use … of an[ ] aircraft … owned or operated by … an[ ] insured," Tomlinson Avionics, Inc. Thus, the claims would seem clearly to fall within the exclusion.[3] Defendant Rives argues, though, that a number of the specific claims which he has advanced in his lawsuit are not encompassed by the exclusion because they do not relate directly to the actual operation of the airplane. He points out, for example, that he has alleged in his suit that Michael Tomlinson, separate and apart from his actual negligent flying of the plane, negligently induced Rives and others to go flying with him on the night of the accident; and that he has further alleged, again separate and apart from Michael Tomlinson's negligence in flying the plane, that Tomlinson Avionics failed to establish and

1. The Branning plaintiffs also sued Swayze Walton d/b/a Swayze's Recreation Center, apparently on the basis that Michael Tomlinson had consumed several beers there prior to the flight.

2. In its motion for summary judgment, Ranger also argues that Tomlinson Avionics of Mississippi, Inc. is not an insured under the policy in any event. However, inasmuch as the court concludes that the claims premised on the accident are excluded from coverage, it is not necessary to reach this further contention.

3. The parties vigorously dispute whether Arkansas or Mississippi law governs this case. Ranger maintains that Arkansas law applies because the parties to the insurance contract understood and intended that the principal location of the risk during the policy period would be the State of Arkansas. And it contends that there are numerous Arkansas cases enforcing identical or similar coverage exclusions in cases analogous to this

one. *See, e.g., First Financial Ins. Co. v, National Indemnity Co.,* 49 Ark.App. 115, 898 S.W.2d 63 (Ark.App.1995); *Columbia Mutual Cas. Ins. Co. v. Coger,* 35 Ark.App. 85, 811 S.W.2d 345 (Ark. App.1991). Rives does not contest Ranger's contention that the claims would appear to come within the language of the exclusion as interpreted by the courts in Arkansas, but he claims that the Arkansas cases do not govern inasmuch as Mississippi law applies, since the parties intended that the principal location of the risk would be John Bell Williams Airport in Mississippi. He notes that there are no Mississippi cases that have considered this exclusion. While this court is inclined to conclude that Mississippi law does, indeed, apply, that conclusion is of no consequence, for in the court's view, regardless of which state's law applies, the exclusion can only be reasonably interpreted as applying to Rives' claims.

enforce safety rules, regulations and policies to prevent and guard against "events which might reasonably be expected to occur and cause injury," and that it failed to "provide an adequate security force to implement and enforce" its duties under Mississippi law. In the court's opinion, however, while Rives' claims are not limited solely and exclusively to Michael Tomlinson's specific act of flying the aircraft, each and every claim which he has asserted has as its aim the recovery of damages for bodily injury which arose directly and solely from Tomlinson's use of the aircraft. That is to say, regardless of the specific allegations in the underlying lawsuit, the injuries for which recovery is sought arose out of the use of the airplane owned by Tomlinson Avionics.

■ Nevertheless, Rives asserts that his claims are excepted from the reach of the exclusion by the clear terms of the policy because the policy states, immediately following exclusion g, that "[t]his exclusion does not apply to . . . (4) [l]iability assumed under any insured contract' for the ownership, maintenance or use of aircraft or watercraft. . . ." By way of explanation, he points out that the term "insured contract" is defined by the policy to include "[a] lease of premises," and includes agreements by the insured to indemnify another for tort liability to third persons. Rives then argues that Tomlinson Avionics, Inc. had two "insured contracts" with Hinds Community College. The first, he contends, was a "Contract for Airport Manager" by which they agreed that Tomlinson Avionics, Inc. would serve as manager of John Bell Williams Airport. The second was a "Full Fixed Base Operator's Lease Agreement" which included Tomlinson's agreement to "indemnify and hold [Hinds] safe and harmless from responsibility for any acts of [Tomlinson Avionics'] em-

ployees." While these contracts might perhaps qualify as "insured contracts" within the definition provided by Ranger's policy, Rives' reliance on the "insured contract" exception to exclusion g is not well founded since the potential liability of any Tomlinson defendant to Rives is plainly and simply tort liability. Such liability would not be "liability assumed under any 'insured contract.' " [4]

■ In a final effort to escape application of exclusion g to his claims, Rives argues that Ranger's policy is ambiguous as to whether there is coverage for use of insured-owned aircraft since, in spite of the language of exclusion g, there is language in other parts of the policy which would seem to suggest that the policy does provide at least excess coverage for loss due to the use of an aircraft owned by an insured. In particular, he notes that under the "Other Insurance" heading, the policy states that its coverage is "excess over any other insurance . . . [i]f the loss arises out of the maintenance or use of aircraft . . . to the extent not subject to Exclusion g. of Coverage A. (Section I)." According to Rives, "[t]his paragraph distinctly indicates that there is coverage provided in the policy for certain 'loss arising out of the maintenance or use of aircraft'." That is, of course, correct. But this "other insurance" provision is not ambiguous and it does not render the meaning of Exclusion g ambiguous. This provision merely recognizes that there is such coverage for "loss arising out the maintenance or use of the aircraft," but only "to the extent not subject to Exclusion g. of Coverage A." The court has already concluded that Rives' claim is subject to Exclusion g of Coverage A.[5]

Based on the foregoing, it is ordered that Ranger's motion for summary judgment is well taken and should be granted.

---

4. If Hinds were to sue Tomlinson Avionics, then the "insured contract" exception might be implicated. But the liability sought here to be imposed against Tomlinson by Rives is *not based on any contract between Tomlinson and Hinds;* it is a cause of action in tort.

5. In relation to his ambiguity argument, Rives also observes that the policy's "summary" of the "other insurance" condition states, "The excess provision now indicates that the limited coverage

for aircraft . . . is on an excess basis." Contrary to his contention, this language does not indicate that there is at least excess coverage for losses due to the use of aircraft. The summary is properly read, consistent with the "other insurance" provisions of the policy, to state only that coverage for loss due to use of an insured-owned aircraft is excess when there is such coverage; there is no such coverage when Exclusion g applies.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules Civil Procedure.

