# SHELTER MUTUAL INSURANCE COMPANY
## *v.* Hosea WILLIAMS

CA 99-701                                    9 S.W.3d 545

Court of Appeals of Arkansas
Division I
Opinion delivered January 19, 2000

36

*Matthews, Sanders, & Sayes,* by: *Doralee Idleman Chandler* and *Roy Gene Sanders,* for appellant.

*Walker & Dunklin,* by: *Robert L. Scull, III,* for appellee.

JOHN MAUZY PITTMAN, Judge. This case involves an *underinsured* motorist provision in an automobile insurance policy. Appellee Hosea Williams's son, Christopher Williams, died in April 1995 as a result of an accident that occurred while riding as a passenger in a vehicle driven by Jason Howard that was struck by a vehicle driven by Donald Patten. Mr. Patten's insurer, State Farm Insurance Company, paid $100,000 in liability benefits to Christopher's estate. State Farm also insured Mr. Howard's vehicle and paid $25,000 in underinsured motorist coverage ("UIM") to the estate. Appellee then made a claim for $25,000 in UIM benefits against his

insurer, appellant Shelter Mutual Insurance Company. Appellant denied this claim on the ground that the policy's UIM provision contained an "other insurance" clause barring recovery. Appellee then sued appellant in the Pulaski County Circuit Court for recovery of the UIM benefits.

Appellant moved for summary judgment, arguing that the "other insurance" clause precluded the stacking of UIM coverages. After a hearing, the circuit judge entered an order on April 15, 1999, denying the motion for summary judgment and incorporating his findings in a letter opinion that stated:

> In the case of *State Farm Mutual Auto Ins. Co. v. Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995), the Supreme Court of Arkansas subscribed to a method of review of stacking cases: "Read the statute and Read the Policy!" The Beavers case, although dealing with a different set of facts, provides this Court with important guidelines for resolving your issues. Justice Holt sets out the distinction between the statutory design of the uninsured motorist and underinsured motorist statutes:
>
>> "We concede the distinction between uninsured and underinsured motorist coverage. Uninsured coverage applies when a tortfeasor either has no insurance or has less than the amount required by law. Coverage is designed to guarantee a minimum recovery equal to that amount. Underinsured coverage applies when the tortfeasor has at least the amount of insurance required by law, but not enough to fully compensate the victim. This coverage is designed to provide compensation to the extent of the injury, subject to the policy limit. *See Kluiter v. State Farm Mutual Automobile Insurance*, 417 N.W.2d 74 (Iowa 1987).
>
> Justice Holt also set out the change in the underinsured motorist statute. The original version, codified at Ark. Code Ann. § 23-89-209 (1987) provided in pertinent part:
>
>> "(a) ... Coverage of the insured pursuant to underinsured motorist coverage shall not be reduced by the tortfeasor's insurance coverage, except to the extent that the injured party would receive compensation in excess of his damages."
>
> The 1993 amended version setting out the definition of underinsured motorist coverage states:

(a)(3) The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured, which the insured is legally entitled to recover from the owner or operator of another motor vehicle, whenever the liability insurance limits of such other owner or operator are less than the amount of damages incurred by the insured."

The change in the statute is subtle, but broad in effect. In the early version, the insurer could not take credit for, and thus reduce its liability by, the tortfeasor's insurance coverage, except where the injured party would receive an amount in excess of his damages. But it could, arguably, reduce its exposure by the amount of other like (underinsured motorist) coverage.

With the change, the insured is entitled to recover under his underinsured coverage so long as the recovery doesn't exceed his damages. Thus, an attempt to deny coverage *before* the insured has been fully compensated, would not be permitted by the statute. This interpretation fits well with what Justice Holt recites as the purpose of underinsured motorist coverage.

That same day, the circuit judge entered a separate order granting a $34,250 judgment to appellee that included the UIM limits of $25,000, a 12% penalty of $3,000, and attorney's fees of $6,250.

Appellant argues that the circuit judge erred in denying its motion for summary judgment. As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *Hartford Ins. Co. v. Mullinax*, 336 Ark. 335, 984 S.W.2d 812 (1999). This is true even when there has been a trial on the merits and a judgment has been entered. *See Cater v. Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993); *State Farm Fire & Casualty Co. v. Amos*, 32 Ark. App. 164, 798 S.W.2d 440 (1990). Accordingly, we must first consider whether this argument reaches us through any exception to the general rule barring review of the denial of a summary-judgment motion.

In *Karnes v. Trumbo*, 28 Ark. App. 34, 770 S.W.2d 199 (1989), we held that an order denying a motion for summary judgment was appealable because it was combined with a dismissal on the merits that effectively terminated the proceedings below. Here, the circuit judge entered a final order granting judgment to

appellee on the same day that he denied appellant's summary judgment motion. Therefore, following the reasoning of *Karnes v. Trumbo*, this case is an exception to the general rule, and the order may be reviewed on appeal.

Appellant argues that the circuit judge erred in his interpretation of the UIM statute. According to appellant, provisions which prevent stacking of UIM coverages are consistent with the purposes of the underinsured motorist statute. Appellant contends that, in Arkansas, stacking of underinsured motorist coverages is not prohibited by the statute but may be precluded by an applicable anti-stacking clause in the policy. We agree.

■ Underinsured motorist coverage was enacted in this state by Act 335 of 1987 to supplement benefits recovered from a tortfeasor's liability carrier; its purpose is to provide compensation to the extent of the injury, subject to the policy limit. *Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993); *American Cas. Co. v. Mason*, 312 Ark. 166, 848 S.W.2d 392 (1993). In *Birchfield v. Nationwide Ins.*, 317 Ark. 38, 875 S.W.2d 502 (1994), the supreme court explained that, under this act, as amended, the legislative intent is clear that the inability to obtain the limits of liability coverage is what triggers the availability of UIM coverage. There is a distinction between uninsured ("UM") and UIM coverage. UM coverage applies when a tortfeasor either has no insurance or has less than the amount required by law; such coverage is designed to guarantee a minimum recovery equal to that amount. *Clampit v. State Farm Mut. Auto. Ins. Co.*, 309 Ark. 107, 828 S.W.2d 593 (1992). UIM coverage applies when the tortfeasor has at least the amount of insurance required by law but not enough to fully compensate the victim. *Id.*

Arkansas Code Annotated section 23-89-209(a) (Supp. 1999) provides in pertinent part:

> (3)The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured which the insured is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of such other owner or operator are less than the amount of the damages incurred by the insured.

This statute mandates that a minimum of $25,000 UIM coverage be offered for each automobile. Ark. Code Ann. § 23-89-209(a)(4) (Repl. 1999).

■ As the circuit judge noted, the supreme court has held that, in considering a stacking issue, the result is best determined by a simple rule: *"Read the Statute and Read the Policy!" State Farm Mut. Auto. Ins. Co. v. Beavers*, 321 Ark. 292, 295, 901 S.W.2d 13, 15 (1995). *Accord Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998). We agree with appellant that, in Arkansas, although stacking of UIM coverages is not prohibited by statute, it may be precluded by an applicable anti-stacking clause in the policy. *Kanning v. Allstate Ins. Cos.*, 67 Ark. App. 135, 992 S.W.2d 831 (1999). *See also Ross v. United Servs. Auto. Ass'n*, 320 Ark. 604, 899 S.W.2d 53 (1995).

The controlling question in this case, therefore, is whether the policy effectively prohibited the stacking of UIM coverages. The policy issued to appellee by appellant contained the following provision:

> COVERAGE E-1 UNDERINSURED MOTORISTS (DAMAGE FOR BODILY INJURY)
>
> We will pay damages for **bodily injury** which an **insured** or the **insured's** legal representative is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**....
>
> ....
>
> OTHER INSURANCE
>
> With respect to injury to an **insured** while in an **auto** not owned by **you**, this insurance shall apply only as excess insurance over any other similar insurance available to the **insured** as primary insurance. This insurance will then apply only in the amount that its limit of liability is excess over the liability of the other insurance. Except as above, if the **insured** has other insurance available, the damages shall not exceed the limits of liability of this insurance or of the other insurance, whichever is larger. **We** will not be liable for a greater proportion of any loss to which this coverage applies than the limits of liability of this insurance bear to the sum of the limits of liability of this insurance and any other similar insurance available to the **insured**.

(Bold in original.)

Appellant argues that this policy unambiguously prohibits the stacking of UIM coverages. Appellee responds that the policy is ambiguous and should be construed in favor of the insured. Specifically, appellee asserts that the word "primary" in the UIM provision is ambiguous. Appellee states that, in UM cases, this term may not be ambiguous because there is no third-party liability insurance; therefore, the policy will always be referring to two UM coverages. On the other hand, appellee argues, in a case involving UIM coverage, it is unclear whether the policy is referring to the third-party liability insurance or to the other policy providing UIM coverage. Appellant replies that this term is not ambiguous because it has only one reasonable construction — that, in the context of UIM coverage, the "primary" coverage is that provided for the automobile in which the insured was riding. We agree.

■■ The initial determination of the existence of an ambiguity rests with the court and, when a contract is unambiguous, its construction is a question of law for the court. *Kanning v. Allstate Ins. Cos., supra.* An insurance policy is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Id.* The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Tri-State Ins. Co. v. Sing,* 41 Ark. App. 142, 850 S.W.2d 6 (1993). Contracts of insurance should receive a practical, reasonable, and fair interpretation consonant with the apparent object and intent of the parties in the light of their general object and purpose. *Id.* The terms of an unambiguous insurance policy are not to be rewritten under the rule of strict construction against an insurer to bind the insurer to a risk which is plainly excluded and for which it was not paid. *First Fin. Ins. Co. v. National Indem. Co.,* 49 Ark. App. 115, 898 S.W.2d 63 (1995); *Tri-State Ins. Co. v. Sing, supra.*

■■ Here, the policy plainly provides that it "shall apply only as excess insurance over any other similar insurance available to the insured as primary insurance." Although appellant contends that the term "primary insurance" is ambiguous, we do not agree. As a fundamental principle of insurance law, under a standard automobile policy, primary liability is generally placed on the insurer of the owner of the automobile involved and the policy providing the

nonownership coverage is secondary. 7A AM. JUR. 2D *Automobile Insurance* § 543 (1997). We recognized this basic rule in *State Farm Fire & Cas. Co. v. Amos, supra.* Additionally, we note that this "other insurance" clause is contained within the UIM endorsement to the policy. Hence, it is clear that State Farm's coverage was primary and appellant's was secondary. Therefore, the only reasonable construction of this provision of the policy is that it prohibits the stacking of this coverage with that provided by State Farm to the vehicle in which Christopher was riding. Accordingly, we must reverse the circuit judge's decision to the contrary.

Reversed and dismissed.

JENNINGS and NEAL, JJ., agree.