# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2888

_____

| | | |
|---|---|---|
| Crossett Paper Mills Employees Federal Credit Union, | * * * | |
| Appellant, | * * | Appeal from the United States District Court for the Western |
| v. | * * | District of Arkansas. |
| Cumis Insurance Society, Inc., | * * | |
| Appellee. | * | |

_____

Submitted:  December 7, 2006
Filed:  February 8, 2007

_____

Before LOKEN, Chief Judge, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

Crossett Paper Mills Employees Federal Credit Union appeals from the district court's[1] entry of summary judgment in favor of Cumis Insurance Society, Inc., in this action for a declaratory judgment.  Finding no error, we affirm.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

## I. BACKGROUND

In a related state court action, the Gray family sued the Credit Union, alleging negligence and negligent entrustment based on the Credit Union's loan of money to Latricia Polk to purchase a vehicle. Polk's automobile collided with a vehicle occupied by members of the Gray family. The Grays sued Polk, the Credit Union, and others in state court, alleging negligence and negligent entrustment on the part of the Credit Union. Those allegations were based on the Credit Union's loaning Polk money to purchase a vehicle when Polk did not have a license, could not obtain insurance, and was an alcoholic; assisting Polk in obtaining a license for the vehicle; and failing to repossess the vehicle. The Credit Union moved for summary judgment in state court, which was granted except with respect to the Credit Union's negligence in failing to repossess the vehicle after receiving notice of careless operation of the automobile. Ultimately, the Credit Union and the Grays settled, rather than proceeding to trial.

The Credit Union sought a declaratory judgment in state court that Cumis, its business liability insurance policy carrier, was responsible for paying the Grays' settlement. Cumis removed the case to federal court on diversity grounds. Cumis then moved for summary judgment, arguing that the Credit Union's business liability policy did not provide coverage for the Grays' claims.

The district court granted summary judgment in favor of Cumis, holding that the automobile exclusion under Coverage A made the Polk-Gray accident a non-covered event. The Credit Union appeals this decision.

## II. DISCUSSION

"When considering a district court's grant of summary judgment, we review findings of fact for clear error and conclusions of law de novo, viewing the facts in the

-2-

light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences that may be drawn from the facts."  Deal v. Consumer Programs, Inc., 470 F.3d 1225, 1229 (8th Cir. 2006).

The insurance policy at issue contained several forms of coverage.[2] Specifically, the denial of coverage on appeal is under Coverage A, entitled "Bodily Injury and Property Damage Liability."  Coverage A begins, "[w]e will pay those sums that the Insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  However, Coverage A excludes "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or 'watercraft.'  Use

---

[2]The Credit Union had also sought coverage under Coverage B, "Personal Injury and Advertising Injury Liability," which covered "personal injury," defined as

injury, other than "bodily injury," arising out of one or more of the following offenses:

  a. False arrest, detention or imprisonment;
  b. Malicious prosecution;
  c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;
  d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
  e. Oral or written publication of material that violates a person's right of privacy; or
  f. Discrimination.

Cumis' motion for summary judgment argued that the Credit Union could not seek coverage for the Gray settlement under Coverage B.  Since the Credit Union did not respond to this argument in its response or raise this issue on appeal, we assume that the Credit Union has waived its claim for coverage under Coverage B.

-3-

includes operation and 'loading or unloading.'"  "The language in an insurance policy is to be construed in its plain, ordinary and popular sense." Tri-State Ins. Co. v. Sing, 850 S.W.2d 6, 8 (Ark. Ct. App. 1993).  In interpreting exclusions to coverage, "any ambiguity in an exclusionary clause must be construed strictly against the insurance company and liberally in favor of the insured." Union Bankers Ins. Co. v. Nat'l Bank of Commerce of Pine Bluff, 408 S.W.2d 898, 900 (Ark. 1966).

Here, we are called upon to interpret the provision excluding liability "arising out of the . . . use . . . of any . . . 'auto.'"  The Arkansas Supreme Court has determined that a "but for" proximate-cause test is inappropriate when analyzing coverage for liability "arising out of the use" of an automobile.  Hisaw v. State Farm Mut. Auto. Ins. Co., 122 S.W.3d 1, 7 (Ark. 2003).  Thus, when an insured seeks the benefit of coverage arising out of the use of an automobile, "[t]o prove causation . . . a plaintiff need only show that the injury originated in, grew out of, or flowed from the use of a vehicle, not that the vehicle itself was the source of the injury.  Thus, the vehicle need only be integrally related to the claimant's activities and the injury at the time of the accident." Id. (quotation omitted).

In contrast, we are asked to interpret an *exclusion* of coverage for bodily injury "arising out of the use" of an automobile.  Thus, we must contextualize this relaxation of causation necessary to prove *coverage* in its proper environment–namely that provisions in an insurance policy are construed strictly against the insurer and liberally in favor of the insured. Id. at 5-6.  Conversely, from its construction of exclusionary clauses, we infer that the Arkansas Supreme Court would construe the necessary "arising out of the use" of an automobile causal connection in an *exclusion* of coverage situation *as narrowly as it construed this term broadly* in a coverage situation.  Thus, we conclude that only if the bodily injury's sole proximate cause is the use of an automobile will this exclusion apply and coverage be denied.

Turning to the Credit Union's insurance coverage, we conclude that the automobile exclusion applies in this case. The use of an automobile was the sole proximate cause of the Grays' bodily injuries, and whatever the Credit Union's liability for these bodily injuries might be, the district court was correct in finding that Coverage A excludes the liability from coverage under the automobile exclusion.

## III. CONCLUSION

Accordingly, the exclusion being very limited in this case, we affirm on the basis of the well-reasoned opinion of the district court.

_____