

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-15-1026

|  |  |
|---|---|
| | **Opinion Delivered**  May 18, 2016 |
| K.L. MARTIN, AS PARENT OF AND GUARDIAN OF F.M., A MINOR<br><br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2011-2067] |
| V. | HONORABLE ROBIN F. GREEN, JUDGE |
| MIGEL JIMENEZ AND JIMENEZ GRANITE AND TILE CO., LLC<br>APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

K.L. Martin, as parent and guardian of her child F.M., appeals the Benton County Circuit Court's dismissal of her complaint with prejudice as a discovery sanction for violating a May 2015 scheduling order. We have jurisdiction pursuant to Ark. R. App. P.–Civ. 2(a)(4) (2015). We agree that the discovery sanction cannot stand given the timing of when the circuit court entered its order.

I.

This case has a lengthy procedural history, most of which is unnecessary to decide this appeal. Here are some of the highlights. The operative complaint was filed in circuit court in March 2012. In it, Martin alleged that Jimenez sexually assaulted twelve-year-old F.M. while he was working on plumbing at the Martins' home and employed by Jimenez

Granite and Tile Company, LLC. Martin asserted claims for assault, battery, outrage, and false imprisonment. The appellees, whom we collectively refer to as Jimenez, denied Martin's allegations and counterclaimed for abuse of process and malicious prosecution, stating that the Benton County Prosecutor closed a related criminal case against Miguel Jimenez individually "for lack of evidence that any assault had occurred."

In April 2013, Jimenez moved the circuit court for sanctions based on discovery violations, and he moved for Rule 11 sanctions against Martin's attorney. Jimenez withdrew these motions in an agreed order entered in July 2013. The case was stayed for bankruptcy reasons and then reopened.

In April 2015, Jimenez moved the circuit court to hold Martin in contempt and to dismiss her complaint with prejudice as a sanction under Ark. R. Civ. P. 37(b)(2). The circuit court held a hearing on the motion on 6 May 2015.

On 19 May 2015, the court entered an order titled "Pretrial Scheduling Order." The order states as follows:

> 1. That this Court had set this matter for a jury trial on May 11, 2015, at 1:30 pm. That the May 11, 2015, jury trial date is hereby vacated due to this court finding Plaintiffs in contempt of court for repeated discovery violations.
>
> 2. That this Court finds that Defendant has repeatedly and properly sought the names of the doctors and psychiatrists whom have treated the Plaintiff, but that information has not been provided to him. Further, this Court finds that the Defendant has made every good faith attempt possible, pursuant to the Rules of Civil Procedure, to gather this information.
>
> . . . .
>
> 4. That Plaintiff is ordered to provide Defendant, not later than May 15, 2015, with a complete list of all psychiatrists, doctors, counselors, and/or health care professionals whom have prescribed medications and/or managed medications for the Plaintiff F.M., and/or treated or provided services to F.M. in any way.

5. That Plaintiff is put on notice that one more failure to provide the above referenced information will result in the striking of their Complaint.

. . . .

11. That the parties are to have all discovery completed by July 31, 2015.

Jimenez filed motions for contempt and dismissal on June 26 and July 24 alleging, in part, that Martin had failed to comply with the court's May 19 order for various reasons. The circuit court held another hearing on August 10. Three days later, the court entered an order striking Martin's complaint and dismissing the case with prejudice. The order that dismissed the complaint is on appeal, and it states in part:

2. That the Order entered by the Court on May 19, 2015, following the May 6, 2015 Hearing, contained certain discovery deadlines.

3. That Paragraph 4 of said May 19, 2015 Order stated: "Plaintiff is Ordered to provide Defendant, no later than May 15, 2015, with a complete list of all psychiatrists, doctors, counselors, and/or health care professionals whom have prescribed medications and/or managed medications for the Plaintiff F.M. and/or treated or provided services to F.M. in any way."

4. That Paragraph 5 of said Order provided: "That Plaintiff is put on notice that one more failure to provide the above referenced information will result in the striking of their Complaint." This is precisely what counsel were informed on the record at the Hearing held on May 6, 2015.

5. That according to the report of Virginia Krauft, Ed.D, she evaluated the Plaintiff on June 25, 2015. The report further states that Plaintiff was "referred by her parents for a psychological evaluation as she is still in need of therapy."

. . . .

6. That Plaintiff did not disclose this new psychological evaluation to the Defense until July 14, 2015.

7. That the date of the evaluation, as well as the date of the disclosure of this new expert witness by the Plaintiff to the Defense, were well past the Court Ordered deadline of May 15, 2015.

SLIP OPINION

8. That Plaintiff has again failed to comply with the Court's Order for discovery.

9. That the Complaint is stricken and the case is dismissed with prejudice.

## II.

Imposing a sanction for violating discovery rules rests in the circuit court's discretion, and our supreme court has often affirmed a circuit court's decision to issue a severe sanction for flagrant discovery violations. *E.g.*, *Exigence, LLC v. Baylark*, 2010 Ark. 306, at 8, 367 S.W.3d 550, 554. The discovery obligation, however, must be clear and specific before a sanction may issue. *See Holifield v. Mullenax Fin. & Tax Advisory Grp., Inc.*, 2009 Ark. App. 280.

Martin argues that the May 19 order she was sanctioned for violating was unenforceable because it set a deadline (May 15) that had already passed when the order officially took effect. Jimenez responds that the May 15 deadline in the court's May 19 order was not the basis for the court's dismissal, because the court heard "ample evidence" of multiple discovery violations that were unrelated to compliance with the May 15 deadline.

We agree with Martin that the court's May 19 order could not support a sanction because it set a deadline that had already passed. *See Exigence, LLC*, 2010 Ark. 306, at 12, 367 S.W.3d at 556. The order requiring Martin to disclose a list of providers by May 15 was not entered until May 19, which made it a technical impossibility for Martin to comply with the order's May 15 deadline. Our supreme court has held that a judgment or decree is not effective until it has been "entered" pursuant to Ark. R. Civ. P. 58 (2015) and Administrative Order No. 2. *See Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000). An

oral order is also not effective until entered of record. *Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005). Consequently, the circuit court's stated reason for striking the complaint—that Martin failed to comply with its May 15 deadline—cannot support the sanction imposed.

We reverse the August 13 order that struck Martin's complaint and dismissed the case with prejudice and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

VIRDEN and KINARD, JJ., agree.

*Reece Moore Pendergraft LLP*, by: *Timothy C. Hutchinson*; and *The Williams Law Group, PLC*, by: *Bryan Vernetti*, for appellant.

*Law Offices of Steven H. Kay and Associates*, by: *Steven H. Kay*, for appellees.

SLIP OPINION