

# ARKANSAS COURT OF APPEALS

### DIVISION III
### No. CV-15-1028

| | |
|---|---|
| | **Opinion Delivered** December 7, 2016 |
| ROBERT STEWART | |
| APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62CV-2005-76-2] |
| V. | |
| | HONORABLE RICHARD L. PROCTOR, JUDGE |
| GARY MICHAELIS, INDIVIDUALLY AND D/B/A RACER AG SERVICE | |
| APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

In April 2015, the St. Francis County Circuit Court dismissed this ten-year-old case without prejudice for lack of prosecution. The court's order stated that there had been no activity during the two years before the dismissal; our review of the record and the parties' arguments indicates that there was no case activity for the past four years. In either event, the issue here is whether the circuit court abused its discretion when it dismissed the case without prejudice under Arkansas Rule of Civil Procedure 41(b).

### I.

This case's particular history informs our decision to reverse the dismissal and remand for further proceedings. Only the highlights follow. The litigation began in 2005, when Robert Stewart filed a complaint against Gary Michaelis, and several other defendants, for malicious prosecution, abuse of process, defamation, and more. Stewart had apparently

complained to the State Plant Board that Michaelis was flying a crop-dusting plane too close to Stewart's house, which frightened his family; Stewart also said that chemicals released from the plane rained death on his fruit trees and other vegetation. The parties dispute the content and meaning of what Stewart said during a telephone call to the State Board. Apparently the words "shoot the plane" were uttered, but how the phrase should be taken is disputed. Michaelis, having learned about Stewart's call to the Board, urged a criminal prosecution against him. Stewart's civil complaint alleged, among other things, that Michaelis pressed criminal charges against him in retaliation for Stewart's complaint to the State Plant Board.

A difficult discovery process ensued in the civil case. Eventually, the parties entered a confidentiality agreement; and the circuit court entered a protective order in March 2006. About two years later, in April 2008, the circuit court granted summary judgment to one of the defendants. In August 2008, the court notified the parties that the case would be dismissed under Arkansas Rule of Civil Procedure 41(b) unless good cause was shown why it should stay on the docket. Three days later Stewart responded in a letter that "Plaintiff is ready to try this matter. Please set this matter for a two day jury trial at the court's earliest convenience." The court set the case for a one-day jury trial to be held in May 2009. But the case was not tried because the court continued the matter on defendant Michaelis's motion, ordered the parties to mediation, and required "the district court and circuit court records in issue [meaning the related criminal prosecution] be opened for its examination." The circuit court further stated: "After the Court examines the [criminal] records in camera, the Court will determine who else may examine the records and then will define the limited

purposes for which the documents may be used." Meanwhile, Michaelis tried to collaterally attack court orders issued in the criminal cases against Stewart. *See Michaelis v. Cir. Ct. of St. Francis Cty.*, 2009 Ark. 633.

In October 2010, Stewart asked the circuit court to order the parties to mediation and to set a three-day jury trial. The parties continued to wrangle over issues. Michaelis moved for summary judgment in March 2011—and Stewart resisted the effort—but the motion was never decided.

Fast forward . . . . four years . . . . to 12 March 2015, when the circuit court issued a "Notice of Possible Dismissal Pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure." Plaintiff Stewart responded by letter:

> Today, I received the Court's Notice of Possible Dismissal Pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure, which included the above-referenced matter. I would ask that the matter remain on the Court's docket and be set for trial at the Court's convenience. I anticipate receiving a scheduling order, but if I need to prepare a precedent to allow the case to remain open I will be happy to do so. By copy of this letter, I am advising opposing counsel of the same.

About one month later, on April 24, the circuit court entered the dismissal order:

> The Court is in receipt of a letter dated March 12, 2015, from the attorney for the Plaintiff [Stewart], requesting this matter remain on the active docket and set for trial. This request is denied due to the fact this case is over ten (10) years old and there is no evidence of any activity in the last two years.
> **IT IS THEREFORE ORDERED AND ADJUDGED** that this case is hereby dismissed without prejudice for lack of prosecution.

Stewart moved to vacate the order and recited many facts about the case when he did so, including that the parties had attended an unsuccessful December 2010 mediation and that a summary-judgment motion (the one filed in March 2011) was still pending. The court denied Stewart's motion because it could "find no good cause why this matter should remain

on the docket." Stewart appealed the court's Rule 41(b) dismissal and the denial of his motion to vacate.

## II.

Our analysis begins with Arkansas Rule of Civil Procedure 41, which provides that a case may be dismissed for failing to advance it when "there has been no action shown on the record for the past 12 months . . . unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket." Ark. R. Civ. P. 41(b) (2016). The rule is "a tool for trial courts to dispose of cases filed and forgotten." *Prof'l Adjustment Bureau v. Strong*, 275 Ark. 249, 251, 629 S.W.2d 284, 285 (1982). Apart from the rule-based authority, circuit courts have the inherent power to dismiss mossy cases. *Florence by Matthews v. Taylor*, 325 Ark. 445, 928 S.W.2d 330 (1996). But this appeal deals specifically with a Rule 41(b) dismissal, and they are typically reviewed under an abuse-of-discretion standard. *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, at 3, 385 S.W.3d 797, 799. Some state and federal courts use multi-factor tests to decide whether a dismissal for failing to prosecute a case was an abuse of a trial court's discretion, but no Arkansas appellate court has expressly done so thus far. *Id.*; *see also* Almara Sepanian, *Cleaning House with Rule 41(b): An Empirical Study of the Multi-Factor Tests for Involuntary Dismissals*, 44 Sw. L. Rev. 411 (2014) (collecting cases). That streak won't end today, though we acknowledge Stewart's invitation to apply such a test.

This decade-old case has become textbook "protracted litigation" for whatever reason, good or bad. Still, given the specific procedural history, we hold that the circuit court abused its discretion when it dismissed the case.

For a number of years there was significant activity in the case. Although no party seems to have requested a hearing on the pending March 2011 motion for summary judgment, or prompted the court to rule on it without a hearing, the fact remains that the court did not decide it before the case was dismissed under Rule 41(b). Stewart could have provided a more robust initial explanation why nothing had happened for so long when prompted to do so by the court's most recent notice. (Granted, he did so in his motion to vacate.) Stewart did, however, respond quickly to the circuit court's notice and unequivocally asked—for at least the third time since this case began—that a trial be scheduled. For its part, the circuit court had not prompted or ordered the parties to act (in any manner the record reflects) during the past two years by its own account, and perhaps as many as four years.

## III.

Rule 41(b) embodies the truism that a circuit court's duty to manage its docket must be weighed against a plaintiff's right to have his day in court. Given the record before us, the case should not have been dismissed. Our decision to reverse the dismissal order and remand for further proceedings is limited to this case's particular circumstances. Because we reverse the court's order and reinstate the case, there is no need to decide Stewart's second point on appeal.

Reversed and remanded.

VIRDEN and GLOVER, JJ., agree.

*Lawrence W. Jackson*, for appellant.

*Daggett, Donovan & Perry, PLLC*, by: *Robert J. Donovan*, for appellee.