Cite as 2020 Ark. App. 108

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-213

| | |
|---|---|
| | **Opinion Delivered:** February 12, 2020 |
| DAVID A. COUCH, PLLC | APPEAL FROM THE CLEBURNE |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 12CV-09-101] |
| V. | |
| | HONORABLE MAUREEN |
| GRAYSON AND GRAYSON, P.A. | HARROD, JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

This is a breach-of-contract case between two law firms. Appellant David A. Couch, PLLC (Couch), filed a complaint against appellee Grayson & Grayson, P.A. (Grayson), in the Cleburne County Circuit Court, alleging a breach of contract and requesting damages against Grayson for its alleged failure to pay Couch one-half of the attorney's fees collected by Grayson in connection with the settlement of a nursing-home case. The Cleburne County Circuit Court ultimately dismissed Couch's complaint for want of prosecution pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure. Because this was the second dismissal of Couch's action, it operated as a dismissal with prejudice. Couch now appeals from the Cleburne County Circuit Court's dismissal of his complaint, arguing that it was an abuse of discretion. We agree that the trial court abused its discretion in dismissing Couch's complaint, and we reverse and remand for further proceedings.

The prior dismissal of Couch's action against Grayson occurred in a separate proceeding in the Pulaski County Circuit Court. In a case instituted in 2006, Grayson filed a complaint against Couch alleging breach of contract and unjust enrichment in connection with Couch's alleged failure to split fees collected in settling numerous lawsuits.[1] Couch filed a counterclaim against Grayson in the Pulaski County case. On April 4, 2009, the Pulaski County Circuit Court dismissed Grayson's complaint against Couch for want of service, and in that order the Pulaski County Circuit Court also dismissed Couch's counterclaim against Grayson without prejudice.

Couch refiled its allegations in its previously dismissed counterclaim in the form of a complaint against Grayson in the Cleburne County Circuit Court on April 21, 2009.[2] The case was assigned to Judge Tim Weaver. In its complaint, Couch alleged that Couch and Grayson had entered into an agreement whereby they would, on a case-by-case basis, work together on or jointly refer certain cases to other attorneys to handle. Couch asserted that one such case was a nursing-home case, *Leister Dewey v. Beverly Enterprises*, which the parties agreed to refer to another attorney. Couch alleged that after the other attorney settled the matter and paid Grayson the agreed-upon share of the attorney fee for the referral, Grayson breached their contract by failing to pay Couch one-half of the fee.[3]

---

[1]In the Pulaski County case, Grayson also sued David A. Couch individually on the same grounds.

[2]For the remainder of this opinion, our use of the term "trial court" refers to the Cleburne County Circuit Court.

[3]Couch's complaint also alleged constructive fraud against Grayson in connection with another nursing-home case, but that claim was subsequently dismissed on May 21,

2

On July 20, 2011, Couch filed a motion for summary judgment. In its motion Couch contended that, based on Grayson's responses to discovery in the Pulaski County case, it was undisputed that Grayson had received a $135,000 fee in the *Leister Dewey v. Beverly Enterprises* case. Couch claimed that it was entitled to summary judgment for $67,500 plus interest. In Grayson's response to Couch's summary-judgment motion, it alleged that Couch was not entitled to judgment because Grayson's fee-splitting agreement was between only Grayson and David A. Couch in his individual capacity.

On September 4, 2013, the trial court held a hearing on Couch's summary-judgment motion. After hearing arguments of counsel, the trial court announced that it was denying Couch's motion because there was a genuine issue of material fact as to whether there was an agreement between Grayson and Couch or whether the agreement was exclusively between Grayson and David A. Couch individually.[4] At the conclusion of the summary-judgment hearing, the trial court admonished the parties to get the case set for trial.

On April 8, 2014, the trial court entered a notice to Couch to report the present status of the case. On April 11, 2014, Couch filed a status report, wherein Couch set forth its efforts to set the case for trial. Couch asserted in the status report that it had communicated with Grayson in an attempt to agree on a trial date but that Grayson was at first unresponsive and then unagreeable to any of the proposed dates due to conflicts. Couch asked that, when the trial court's 2015 trial calendar is published in August, the trial court

---

2010, because the limitations period had expired. The constructive-fraud claim is no longer part of the litigation.

[4]No order denying Couch's summary-judgment motion was entered.

3

direct that the parties agree on a trial date at the parties' earliest availability. Apparently, the trial court took no action, and the case was not set for trial during the 2015 trial-calendar period.

On May 31, 2016, the trial court again ordered the parties, by June 6, 2016, to provide a statement of how this case should proceed to bring the case to a resolution. Couch did so promptly on June 3, 2016, by filing a status report and statement of intent to proceed as ordered by the court. In that status report, Couch stated its intent to proceed:

> The method for resolution of this case is simple: It should be set for trial. The issues are basic and quite easily tried. After the summary-judgment hearing, it appears to Plaintiff that the only question is whether Defendant contracted with Plaintiff or with David A. Couch individually. Trying that question of fact should take no more than a day.
>
> Thus, Plaintiff proposes that the Court order the parties and their counsels to forward to it every day in which they are available for a one-day trial in Cleburne County for the months of August and September 2016. The case can then be tried on the first day that intersects all calendars. If no day intersects, the Court can seek additional dates.

In Grayson's response to Couch's status report and statement of intent to proceed, Grayson denied that the matter may be tried in a day and asserted that the trial would take four or five days. Grayson also asked the trial court to dismiss Couch's complaint pursuant to Rule 41(b). Again, apparently, the trial court took no action.

The case was subsequently transferred to Judge Maureen Harrod. On November 5, 2018, without prior notice to either party, the trial court entered an order of dismissal. In the trial court's order, it stated that there had been no action of record in the case for the past twelve months, and it dismissed Couch's case without prejudice pursuant to Arkansas Rule of Civil Procedure 41(b), which provides:

4

(b) *Involuntary Dismissal.*  In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket.  A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Although the trial court's order indicated that Couch's action was dismissed without prejudice, it was in fact dismissed with prejudice under Rule 41(b) because there had been a prior dismissal of the action in the 2009 Pulaski County Circuit Court proceeding.

On November 14, 2018, Couch filed a motion under Arkansas Rule of Civil Procedure 60(a) to set aside the order of dismissal to prevent a miscarriage of justice. Couch's posttrial motion was denied, and Couch now appeals from the trial court's order of dismissal as well as the denial of its posttrial motion.

Couch's primary argument on appeal is that the trial court abused its discretion in dismissing its complaint pursuant to Rule 41(b).  Our standard of review of a Rule 41(b) dismissal is for an abuse of discretion.  *Jones v. Vowell*, 99 Ark. App. 193, 258 S.W.3d 383 (2007).  We agree that the trial court abused its discretion when it dismissed the case.

Our decision here is guided by our reasoning in *Stewart v. Michaelis*, 2016 Ark. App. 588, 508 S.W.3d 97, which was a case where we reversed the trial court's Rule 41(b) dismissal.  In that case, appellant Stewart filed a complaint in 2005 against appellee Michaelis and several other defendants alleging various claims including malicious prosecution and defamation.  There was some activity in the case, including discovery and the filing of a summary-judgment motion.  In 2015, after a period of four years in which there was no

5

further activity in the case, the trial court, pursuant to Rule 41(b), issued a notice of possible dismissal. Stewart responded to the trial court's notice, asking that the case remain on the court's docket and be set for trial at the court's convenience. A month later, the trial court entered an order dismissing Stewart's case for want of prosecution, and Stewart appealed.

In *Stewart*, we reversed the order of dismissal and remanded for further proceedings. We wrote, "This decade-old case has become textbook 'protracted litigation' for whatever reason, good or bad. Still, given the specific procedural history, we hold that the circuit court abused its discretion when it dismissed the case." *Stewart*, 2016 Ark. App. 588, at 4, 508 S.W.3d at 100. In holding that there was an abuse of discretion in *Stewart*, we noted that there had been significant activity in the case for a number of years, that the trial court had not prompted or ordered the parties to act during the past two and as perhaps as many as four years, and that Stewart responded quickly to the trial court's notice and asked that a trial be scheduled.

In the present case, Couch timely responded and requested a trial date each time it was prompted by the trial court. After the September 4, 2013 summary-judgment hearing, Couch communicated with Grayson via email but was unable to secure a trial date due to conflicts in Grayson's schedule. When asked by the trial court to report the status of the case on April 8, 2014, Couch filed a status report just three days later. In that status report, Couch requested that the trial court direct the parties to agree on a trial date after the trial court's next trial calendar was published. The last time the trial court prompted action by Couch was on May 31, 2016, when it ordered the attorneys to provide a statement of how they intended to proceed to bring the case to a resolution. Again, Couch timely responded

6

on June 3, 2016, stating that the resolution of the case was simple, that it could be tried in one day, and that the case should be set for trial.

There was no further activity in the case before the trial court entered the order dismissing Couch's case on November 5, 2018. However, as was the case in *Stewart*, during this period of nonactivity, the court had not prompted action by either party. Moreover, unlike *Stewart*, the trial court here did not give notice to Couch that the case would be dismissed for want of prosecution as prescribed by Rule 41(b) or give him an opportunity to show good cause to continue the case.[5] Given the record before us, we hold that the trial court abused its discretion and that the case should not have been dismissed.

Couch also argues, in the alternative, that the trial court erred in denying his posttrial Rule 60(a) motion to set aside the order of dismissal. However, because we reverse the order of dismissal, this point is moot.

Finally, Couch also contends on appeal that there were no issues of material fact and thus that the trial court erred in denying the summary-judgment motion it filed on July 20, 2011. However, we cannot reach this argument for two reasons. First, although the trial court announced from the bench that it was denying Couch's motion for summary judgment, no such order was entered. An oral order is not effective until entered of record. *Martin v. Jimenez*, 2016 Ark. App. 268, 493 S.W.3d 347. Second, even had an order been

_____

[5]We observe that Grayson, correctly, points out that the failure of the trial court to give this notice prior to dismissal is not *automatically* grounds to set aside the dismissal. In *Watson v. Connors*, 372 Ark. 56, 270 S.W.3d 826 (2008), the supreme court refused to set aside the order of dismissal for want of prosecution notwithstanding the trial court's failure to give the prescribed notice where the appellant showed a complete lack of diligence. However, such is not the case here, and we deem the trial court's failure to give the proper notice to Couch significant to our analysis.

7

entered denying Couch's summary-judgment motion, absent certain narrow exceptions not applicable here, the denial of summary judgment is not an appealable order. *Banning v. LNV Corp.*, 2014 Ark. App. 207.

In conclusion, we hold that the trial court abused its discretion in dismissing Couch's complaint. Therefore, we reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.

KLAPPENBACH and VAUGHT, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Health Law Associates*, by: *Charles R. Hicks*, for appellee.