Cite as 2023 Ark. App. 480

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-21-276

|  |  |
|---|---|
| | **Opinion Delivered** October 25, 2023 |
| DAVID A. COUCH, PLLC<br>APPELLANT | APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. 12CV-09-101] |
| V. | |
| | HONORABLE HOLLY MEYER, JUDGE |
| GRAYSON & GRAYSON, P.A.<br>APPELLEE | ORDER GRANTING SUMMARY JUDGMENT REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

This appeal from Cleburne County Circuit Court arises from a breach-of-contract action involving an attorney-fee dispute brought by appellant David A. Couch, PLLC (hereinafter "Couch, PLLC"), against appellee Grayson & Grayson, P.A. (hereinafter "Grayson"), in 2009.[1]

Significant to this appeal, a separate but related attorney-fee dispute between the parties was previously initiated by Grayson in 2006 in Pulaski County Circuit Court, wherein

---

[1]We note that this is the second appeal in this case. In the first appeal, *David A. Couch, PLLC v. Grayson & Grayson, P.A.*, 2020 Ark. App. 108, 594 S.W.3d 892, we reversed the Cleburne County Circuit Court's dismissal of the case for want of prosecution and remanded for further proceedings. Also, additional facts and history can be found in *Grayson & Grayson, P.A. v. David A. Couch, PLLC*, 2023 Ark. App. 479, ___ S.W.3d ___, also handed down this date.

Grayson sued both David A. Couch, individually (hereinafter "Couch") and Couch, PLLC for an alleged breach of contract of a global fee-sharing agreement and unjust enrichment for the alleged failure to split fees collected in settling numerous nursing-home cases. In the Pulaski County proceeding, Couch, PLLC filed a counterclaim alleging breach of contract of a specific attorney/client employment agreement as a result of Grayson's alleged failure to equally divide the attorney's fees Grayson had received in a separate nursing-home case— Leister Dewey v. Beverly Enterprises—which the parties had jointly referred to another attorney (this claim is referred to herein as the "Dewey claim"). For reasons not disclosed in either record, Grayson failed to serve process on Couch, PLLC. On April 9, 2009, the Pulaski County Circuit Court dismissed Grayson's complaint against Couch, PLLC for want of service.[2] Because Couch, PLLC was no longer a party to the litigation, the trial court also dismissed Couch, PLLC's counterclaim against Grayson without prejudice as well as a third-party complaint Couch, PLLC had filed against Keith Grayson, individually, and Melanie Grayson, individually. The dismissal of Couch, PLLC as a party from the Pulaski County litigation paved the way for the present litigation. Twelve days after its dismissal from the Pulaski County litigation, Couch, PLLC, on April 21, 2009, filed a complaint in Cleburne County Circuit Court. Couch, PLLC's complaint against Grayson alleged a breach of

_____

[2]Grayson did not appeal the trial court's 2009 dismissal of Couch, PLLC as a party.

2

contract of the specific attorney/client employment agreement in the Dewey matter as a result of Grayson's alleged failure to equally divide the attorney's fees in that case.[3]

The Pulaski County litigation involving Grayson's claims against Couch individually was resolved by a final judgment entered by the Pulaski County Circuit Court on December 10, 2019, wherein the court rejected both of Grayson's claims against Couch, individually.[4] Thereafter, in the Cleburne County litigation, Grayson and Couch, PLLC filed cross-motions for summary judgment, with each alleging that the Pulaski County order acted as res judicata and that each was entitled to judgment as a matter of law on Couch, PLLC's breach-of-contract claim. The Cleburne County Circuit Court entered an order granting Grayson's summary-judgment motion on the basis that the ruling in the Pulaski County case acted as res judicata and barred further litigation of the breach-of-contract action brought by Couch, PLLC in the instant matter. The Cleburne County Circuit Court denied Couch, PLLC's motion for summary judgment.

Couch, PLLC now appeals, arguing that the Cleburne County Circuit Court erred in granting Grayson's motion for summary judgment and further erred in denying Couch, PLLC's motion for summary judgment. We conclude that the Cleburne County Circuit

---

[3]Couch, PLLC's complaint alleged an additional claim for constructive fraud in another nursing-home case, which it had also alleged in its counterclaim in the Pulaski County case. The constructive-fraud claim was later dismissed by the Cleburne County Circuit Court due to the expiration of the statute of limitations and is no longer a part of the litigation or this appeal.

[4]The Pulaski County case is concurrently on appeal to this court.

Court erred in finding that res judicata barred litigation of Couch, PLLC's breach-of-contract claim in the Cleburne County proceedings and in entering summary judgment for Grayson on that basis. However, we find no error in the Cleburne County Circuit Court's denial of Couch, PLLC's motion for summary judgment. Essentially, we find that there are genuine issues of material fact relative to both parties' allegations of fact and conclusions of law. Therefore, we reverse the summary judgment entered in favor of Grayson, and we remand for further proceedings.

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee, supra.* On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* As to issues of law presented, our review is de novo. *State v. Cassell*, 2013 Ark. 221, 427 S.W.3d 663.

4

I.  *The Pulaski County Circuit Court Litigation*

Because the proceedings in the Pulaski County case are pivotal to the issue of res judicata and the disposition of this appeal, a comprehensive review of the Pulaski County litigation is necessary.  It is undisputed that in the fall of 2003, Grayson invited David Couch to enter into a relationship with its law firm and that Couch moved into Grayson's law office and was given access to its staff, equipment, and supplies.  The parties disagree on the precise date the relationship commenced.  On October 8, 2003, Couch formed Couch, PLLC. Between October 2003 and January 2006, the attorneys apparently enjoyed a mutually beneficial relationship.  By January 2006, the attorneys experienced disagreements regarding the division of certain attorney-fee awards, Grayson terminated its relationship with Couch, and Couch moved out of its law office.

On August 24, 2006, Grayson filed a complaint in Pulaski County Circuit Court against Couch individually and Couch, PLLC, alleging breach of contract of a global fee agreement and unjust enrichment for their failure to pay Grayson its portion of the fees collected in settling five lawsuits brought by the estates of former nursing-home residents.[5] On September 15, 2006, Couch and Couch, PLLC filed a joint answer denying the material allegations in the complaint and specifically denying that there were any contracts between the parties in the nursing-home cases identified by Grayson.

---

[5]These former nursing-home residents included Lilly Fiona Hawley, Ruby Dorcas Barnett, Sallie Wegman, Barbara Hepler, and Faye and Ronnie Deaver.  Grayson's complaint was later amended to include fees collected in an additional nursing-home case involving the estate of Darlene Fairy Richardson.

Still in Pulaski County, on January 24, 2007, Couch, PLLC filed a counterclaim against Grayson alleging breach of contract of the specific attorney/client employment agreement in the Dewey matter and sought one-half of the fee paid to Grayson. Couch, PLLC alleged that the parties agreed they would refer the Dewey case to another attorney, that the other attorney resolved the matter and paid Grayson an attorney fee, and that despite demand, Grayson had not paid Couch, PLLC half the fee.

Grayson filed an answer and amended answer to Couch, PLLC's counterclaim wherein Grayson specifically admitted that "Couch, PLLC is entitled to one-half any fee from the matter of Leister Dewey v. Beverly Enterprises, subject to setoff." However, Grayson further alleged that it was holding the Dewey fee in trust to be used as a setoff against the fees owed from Couch, PLLC to Grayson in the five nursing-home claim settlements being litigated. Further, when asked in interrogatories whether Couch, PLLC was entitled to a one-half fee in the Dewey matter, Grayson again admitted, under oath, that Couch, PLLC was entitled to one-half of the fee.

On February 19, 2009, Couch, PLLC moved for summary judgment, arguing that Grayson's claims against Couch, PLLC should be dismissed for lack of service and further asserting that the statute of limitations had by then expired. On April 9, 2009,[6] the trial court granted Couch, PLLC's motion for summary judgment and dismissed Grayson's

---

[6]The order was dated March 16, 2009, but was not officially entered until April 9, 2009.

complaint against Couch, PLLC for want of service.[7]  In the April 9, 2009 order, the trial

court also dismissed Couch, PLLC's counterclaim without prejudice and dismissed its third-

party complaint.  At that point, Couch, PLLC was no longer a party to the Pulaski County

litigation.  The parties to the Pulaski County litigation were Grayson & Grayson, P.A. v.

David A. Couch, individually.

While Couch, PLLC's motion for summary judgment was advancing toward

conclusion, on March 24, 2009, apparently anticipating that Couch, PLLC would prevail on

its motion for summary judgment and be dismissed from the litigation, Couch, individually,

filed a counterclaim in the Pulaski County litigation wherein Couch denied that there was

a global fee agreement between Grayson *and Couch individually* but stated:

> However, in the alternative, should the factfinder determine that the alleged
> agreements were in fact between David Couch individually and Grayson, then in the
> alternative David Couch states the parties had an agreement that they would on a
> case-by-case basis work on cases together or jointly refer certain cases to other
> attorneys to handle.

Couch, individually, then alleged as count 1 the breach of contract of the specific

attorney/client employment agreement in the Dewey matter, and under count 2 alleged

constructive fraud in another nursing-home case (the "Hogue claim").  Note that in both the

Pulaski County case and the Cleburne County case, Couch and Couch, PLLC consistently

---

[7]The order of dismissal does not specifically state whether the dismissal of Grayson's
action against Couch, PLLC was with or without prejudice.  However, we observe that
Grayson never attempted to refile its action against Couch, PLLC.

7

took the position that any agreement between the parties was between Grayson and Couch, PLLC and not Couch individually.

On December 21, 2009, while the Pulaski County case and the Cleburne County case were each proceeding, Couch, individually, moved for summary judgment in the Pulaski County case. In the summary-judgment motion, Couch alleged that any agreements regarding the division of fees were between Grayson and Couch, PLLC (who had previously been dismissed and was no longer a party to the litigation) and not himself individually. Also on December 21, Grayson moved for partial summary judgment, arguing that Couch's constructive-fraud claim in count 2 regarding a separate nursing-home settlement (the Hogue claim") should be dismissed as barred by the statute of limitations.

On October 22, 2010, the Pulaski County Circuit Court granted Couch's motion for summary judgment and dismissed Grayson's claim for breach of the global fee agreement and unjust enrichment. The circuit court also granted Grayson's motion for partial summary judgment on Couch's constructive-fraud claim due to the expiration of the statute of limitations in the Hogue claim. Grayson timely appealed, and Couch timely cross-appealed. In Couch's notice of cross-appeal, Couch stated that he abandoned any pending but unresolved claims pursuant to Arkansas Rule of Appellate Procedure–Civil 3(e)(vi), which, pursuant to the rule, operated as a dismissal with prejudice of the only claim then pending in the case—i.e., Couch's individual counterclaim for breach of contract.

In the first appeal in the Pulaski County case, *Grayson & Grayson, P.A. v. Couch*, 2012 Ark. App. 20, 388 S.W.3d 96, we reversed and remanded on Grayson's direct appeal because

issues of material fact remained as to Grayson's claims against Couch; and we affirmed on Couch's cross-appeal, holding that Couch's constructive-fraud claim was barred by the statute of limitations. As the result of our reversal on Grayson's direct appeal, we remanded the case for further proceedings on Grayson's claims against Couch for breach of contract and unjust enrichment. Because summary judgment was affirmed as to Couch's claim for constructive fraud, and Couch had previously abandoned his individual breach of contract claim in his notice of appeal, at this point in the Pulaski County litigation, all of Couch's individual claims had been extinguished, and the only claims that remained to be tried were Grayson's complaint against Couch, individually.

After our remand, the Pulaski County Circuit Court held a bench trial on October 1–3, 2019, on Grayson's claims against Couch.

On December 10, 2019, the Pulaski County Circuit Court entered an order denying Grayson's claims for breach of contract and unjust enrichment. The Pulaski County Circuit Court did not attempt to parse the evidence and determine whether the oral contract was between Grayson and Couch, individually, or Couch, PLLC. Rather, the Pulaski County Circuit Court found that there was no enforceable contract at all. The Pulaski County Circuit Court—pertinent to the issues presented in the instant appeal—made these findings:

> 8. The Grayson Firm, as plaintiff, carried the burden of proving the existence of an enforceable contract, and it failed to do so. This obligation required the Grayson Firm to prove three "essential" elements: an offer was made and accepted; consideration was exchanged; and, critically, "at the time the contract was made, its *essential terms were reasonably certain* and agreed to by both" the Grayson Firm and Mr. Couch. AMI–Civil 2402 (emphasis added). "Essential terms" are reasonably certain when "the terms provide a basis for determining the existence of a breach and for

9

giving an appropriate remedy." AMI–Civil 2407. As *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008), put it, the court "cannot make a contract for the parties but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract. . . . Moreover, the terms of a contract cannot be so vague as to be unenforceable." *Id.* at 491, 277 S.W.3d. at 566.

9. The Grayson Firm failed to present evidence of reasonably certain essential terms of the contract it alleges existed to allow it to recover. There was never any meeting of the minds between the parties. The terms of the oral contract were too vague for a determination of any breach.

10. Any contract that existed was with the PLLC, which was dismissed from this case in an earlier opinion by our Court of Appeals. See *Grayson, P.A. v. Couch*, 2012 Ark. App. 20, 388 S.W.3d 96. Because the contract was unenforceable, there is no need for a discussion about whether the true party to the action was David Couch individually, or David A. Couch, PLLC.

Grayson appealed from the Pulaski County order and expressly stated that it did not challenge on appeal the trial court's ruling that there was no enforceable contract because of the lack of reasonable certainty of essential terms. Rather, Grayson argued in the Pulaski County appeal that the trial court erred by refusing to grant its motion to amend the pleadings to conform to the proof and further erred in denying Grayson's unjust-enrichment claim. Couch cross-appealed from the Pulaski County order and argued that the trial court erred in denying his motion for attorney's fees. A discussion of these issues in the Pulaski County appeal is found in *Grayson & Grayson, P.A. v. Couch*, 2023 Ark. App. 479, ___, S.W.3d ___, which we also hand down today, wherein we held that the trial court erred in granting summary judgment barring Grayson's claim for unjust enrichment against Couch, individually, and remanded for proceedings consistent with the opinion.

II. *The Instant Appeal: Couch, PLLC's Breach-of-Contract Action*

10

*In the Cleburne County Circuit Court*

The exhaustive discussion of the Pulaski County litigation is necessary because in the present appeal, Grayson argues that the disposition of the Pulaski County case bars the present litigation by the application of res judicata.

We now turn back to the proceedings instituted by Couch, PLLC in Cleburne County Circuit Court. As previously stated, Couch, PLLC was dismissed as a party in the Pulaski County case due to lack of service of process. Then, on April 21, 2009, Couch, PLLC filed a complaint against Grayson in Cleburne County Circuit Court alleging a breach of contract of the specific attorney/client employment agreement in the Dewey claim. In its complaint, Couch, PLLC alleged that the parties had an agreement that they would, on a case-by-case basis, work on cases together or jointly refer cases to other attorneys and then equally divide the fees. Couch, PLLC alleged that Grayson breached the Dewey contract because of Grayson's failure to equally divide the attorney's fees Grayson had received in the case of Leister Dewey v. Beverly Enterprises, which the parties had jointly referred to another attorney.

On May 28, 2009, Grayson filed a motion to dismiss Couch, PLLC's breach-of-contract action, wherein Grayson denied that it had had an agreement with Couch, PLLC in the Dewey matter but stated that the agreement was only with Couch individually. We observe that this position taken by Grayson in the Cleburne County litigation is inconsistent with its position in the Pulaski County litigation wherein Grayson had specifically admitted in its pleadings and in its answers to interrogatories that it had some agreement with Couch,

11

PLLC regarding the Dewey matter and that Couch, PLLC was entitled to one-half of any fee from that case. In its motion to dismiss, Grayson alleged that Couch, PLLC's breach-of-contract action should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(8) because the allegations were the subject matter of Couch's then pending counterclaim in the Pulaski County litigation.[8] On May 21, 2010, the Cleburne County Circuit Court entered an order denying Grayson's motion to dismiss Couch, PLLC's breach-of-contract claim based on its finding that Couch and Couch, PLLC are separate legal entities.

Years and years passed in both the Pulaski County case and the Cleburne County case. Then on November 5, 2018, a new Cleburne County circuit judge, in an apparent attempt to clean up an inherited docket, entered an order dismissing Couch, PLLC's breach-of-contract claim for want of prosecution. Couch, PLLC appealed. In *David A. Couch, PLLC v. Grayson & Grayson, P.A.*, 2020 Ark. App. 108, 594 S.W.3d 892, we reversed the Cleburne County Circuit Court's dismissal of the case and remanded for further proceedings.

By the time we remanded the case back to the Cleburne County Circuit Court in 2020, the Pulaski County litigation had concluded. Grayson's complaint and the breach-of-contract claim and unjust-enrichment claim against Couch, individually, had been dismissed, and the court order had already been entered. Relying on the Pulaski County Circuit Court's findings in the December 10, 2019 order, the parties filed cross-motions for summary judgment in Cleburne County Circuit Court.

---

[8]Rule 12(b)(8) provides that a cause may be dismissed because of the "pendency of another action between the same parties arising out of the same transaction or occurrence."

12

In Grayson's motion for summary judgment, it argued that the December 10, 2019, Pulaski County order barred Couch, PLLC's breach-of-contract action in Cleburne County under res judicata. Grayson contended that Couch's individual counterclaim in the Dewey matter had been fully integrated and litigated in Pulaski County; that the Pulaski County court found that no contract existed between any of the parties; and that in the Pulaski County appeal, Grayson did not challenge the trial court's finding that no contract existed nor did Couch challenge the existence of no contract on cross-appeal. Thus, Grayson argued, the issue of any contract between Couch, individually, or *Couch, PLLC* and Grayson in the Dewey matter was decided in the negative by the Pulaski County Circuit Court and foreclosed litigation of the Dewey matter in the Cleburne County Circuit Court.

Conversely, in Couch, PLLC's motion for summary judgment, it argued that it was entitled to summary judgment on its breach-of-contract Dewey claim in Cleburne County Circuit Court because, in the December 10, 2019, order, the Pulaski County Circuit Court stated that "[a]ny contract that existed was with the PLLC[.]" Couch, PLLC argued further that, because Grayson admitted in the Pulaski County litigation that it owed Couch, PLLC one-half of the fee Grayson collected in the Dewey matter, Couch, PLLC was entitled to judgment as a matter of law on its breach-of-contract claim.

On March 16, 2021, the Cleburne County Circuit Court entered an order granting Grayson's summary-judgment motion, and it entered a separate order denying Couch, PLLC's summary-judgment motion. In the order granting Grayson's motion for summary judgment, the Cleburne County Circuit Court made these findings:

1.  On or about August 24, 2006, a Complaint was filed by Grayson and Grayson, PA against David A. Couch, PLLC and David A. Couch, individually in Pulaski County, Arkansas.

2.  The Complaint filed in Pulaski County, Arkansas alleged that Defendants, David A. Couch, PLLC and David A. Couch, individually had agreements with Grayson & Grayson, PA to joint venture certain cases. The Complaint further alleged that Defendants (David A. Couch, PLLC and David A. Couch) breached the agreement by failing to remit to Grayson & Grayson, PA one half of fees owed from cases they had joint client representation contracts with or had been asked to work on by David Couch and David A. Couch, PLLC. Defendants [sic] also pled unjust enrichment as an additional cause of action to their count of breach of contract.

3.  On or about March 23, 2009, David A. Couch, individually caused to be filed in the Pulaski County matter a counterclaim alleging the same allegations against Grayson & Grayson, PA that David A. Couch, PLLC has alleged against Grayson & Grayson, PA in Cleburne County regarding the Leister Dewey fee. This was a compulsory counterclaim pursuant to Ark. R. Civ. Pro. 13(a).

4.  The counterclaim of David A. Couch filed in Pulaski County, individually alleged that he and Grayson & Grayson, PA had an agreement to share fees in the case of Leister Dewey v. Beverly Enterprises. Grayson & Grayson, PA had a global agreement to split fees with David Couch, individually, on various cases as evidenced by a joint representation contract with the client signed between Grayson & Grayson, PA and David Couch, individually.

5.  The Complaint filed in Cleburne County alleges that Grayson & Grayson, PA had an agreement with David A. Couch, PLLC to joint venture the Leister Dewey matter. Grayson & Grayson, PA denies that they had an agreement with David A. Couch, PLLC on this matter but rather state their agreement was with David Couch, individually as evidenced by the Employment contract signed with the client, David Couch and Grayson & Grayson, PA and was part of a global agreement as set forth in the affidavit of Keith Grayson attached to Defendant's Motion for Summary Judgment.

6.  The Court takes judicial notice of the docket in Pulaski County, 2003-9369 and notes that the only order entered by Judge Moody granted Partial Summary Judgment against David A. Couch on his claims that were outside the statute of limitations, but did not address the Leister Dewey claim.

7. This Court notes that there is no order specifically dismissing David A. Couch's counterclaim for the Leister Dewey matter in Pulaski County.

8. On October 1st, 2nd, and 3rd 2019, the parties tried Defendant's complaint against David A. Couch, individually, as well as David A. Couch's counterclaim against Grayson & Grayson, PA on his breach of contract claim for the Dewey fee. The same facts presented or could have been presented in the Pulaski County Case arose out of the same facts and circumstances before this court.

9. Plaintiffs complaint before this court alleged Count One, breach of contract and Count Two, alleged constructive fraud.

10. On or about May 21, 2010, this court entered an order dismissing Count Two of Plaintiff's complaint as being outside of the statute of limitations. This count was the only count that was dismissed in the Pulaski County matter as well. The only count remaining in Plaintiff's Complaint is breach of contract.

11. Furthermore, this Court ruled that the subject matter of the breach of contract claim in this matter is identical to the subject matter in the pending Pulaski County case and Plaintiff will have to select which party will proceed in what County on that claim.

12. On or about December 10, 2019, the Honorable Kathleen V. Compton issued a ruling finding a contract did not exist between the parties. Her ruling specifically stated:

> The Grayson Firm failed to present evidence of reasonably certain essential terms of the contract it alleges existed to allow it to recover. There was never any meeting of the minds between the parties. The terms of the oral contract were too vague for a determination of any breach.
>
> . . . .
>
> Because the contract was unenforceable, there is no need for a discussion about whether the true party to the action was David Couch individually, or David A. Couch, PLLC.

13. Summary judgment is appropriate when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278 (2006).

14.  The doctrine of *res judicata* bars the relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was contested in good faith; (4) both suits involved the same claim or causes of action and (5) both suits involved the same parties or their privities.  *Jayel Corp. v. Cochran*, *supra*.

15.  Privity exists when two parties are so identified with one another that they represent the same legal right.  *Daily v. Langham*, 2017 Ark. App. 310, 522 S.W.3d 177.  Our Supreme Court does not require strict privity in the application of *res judicata*.  Furthermore, in the principal/agent context, the Supreme Court has all but done away with the privity requirement, choosing to focus on whether or not the Plaintiff is attempting to relitigate an issue that has already been decided.  *Jayel Corp. v. Cochran*, *supra*.

16.  *Res Judicata* not only bars the relitigation of those claims that were actually litigated in the first suit but also those that could have been litigated.  *Id*.

17.  The parties agree this matter pending in Cleburne County is a mirror image of the case that was tried in Pulaski County.

18.  Defendant's affidavit of Keith Grayson states the parties had one global oral agreement for Mr. Couch to join the firm as "of Counsel."  Several contingent fee contracts were executed between Grayson & Grayson, PA and David Couch during this period.  One of them was the Leister Dewey matter.  Mr. Grayson states consistently that Mr. Couch is entitled to Dewey just as he was entitled to fees in the Barnett case, Hawley case, Wegman case, Hepler case and Richardson case, as evidenced by the Pulaski County Trial exhibit attached to his affidavit.  Accordingly, Plaintiff did not meet proof with proof.

19.  It appears from Couch's affidavit filed in his reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, he is now contending there were separate agreements for each and every case.  The Court notes this appears to be contrary to the finding of Judge Compton's order that Mr. Couch has testified consistently that in order for a case to be a case that the fees were to be split, the parties were "to work on" the case together.

20.  It is undisputed that the Leister Dewey case was referred to another law firm.

21.  The affidavits of Mr. Grayson and Mr. Couch create a question of fact as to whether there was one oral agreement or several.  However, this is an issue that could have been raised in the Pulaski County case but was not.

22.  The order of Judge Compton found any agreement between the parties as unenforceable because it lacked essential terms.  There was never a meeting of the minds.

23.  The Court finds the Plaintiff elected to pursue his case personally, not as a PLLC, against Grayson & Grayson, PA in Pulaski County.  The issue Plaintiff is attempting to bring in this court was involved in prior litigation; it was also actually litigated; there was a full and final judgment in the Pulaski County Court's determination no contract existed between the parties was essential to the judgment.  Privity also exists between Plaintiff and himself individually.  Plaintiff's claims in this Court are barred by *res judicata*.  Moreover, the issue of multiple agreements between the parties, while not directly litigated in Pulaski County is certainly an issue that could have been.  *Res judicata* also precludes those issues from the same set of facts that could have been litigated.

24.  The Court's ruling in the Pulaski County matter bars any further litigation of the issues by the Plaintiff in this court and therefore Defendant is entitled to judgment as a matter of law on all claims against it.

In the order denying Couch, PLLC's motion for summary judgment, the Cleburne County Circuit Court stated that "for the reasons stated in the Order Granting Defendant's Motion for Summary Judgment, the Court hereby denies Plaintiff's Motion for Summary Judgment." After the Cleburne County Circuit Court entered these orders, Couch, PLLC moved for reconsideration; that motion was denied; and Couch, PLLC timely appealed.

In this appeal, Couch, PLLC first argues that the Cleburne County Circuit Court erred in granting Grayson's motion for summary judgment.  Couch, PLLC argues further that the Cleburne County Circuit Court should have granted Couch, PLLC's motion for summary judgment.

17

III. *The Cleburne County Circuit Court's Grant of Grayson's Summary-Judgment Motion*

The Cleburne County Circuit Court granted Grayson's motion for summary judgment on the basis that Couch, PLLC's breach-of-contract Dewey action was barred by res judicata by virtue of the litigation *against Couch, individually*, in Pulaski County and the final judgment entered by the Pulaski County Circuit Court wherein the court found that there was no enforceable contract among any of the parties. Couch, PLLC asserts that this was erroneous. It is of note, as we stated previously herein, that Grayson had already filed a Rule 12(b)(8) motion to dismiss, essentially arguing that Couch, individually, and Couch, PLLC were the same entity. On May 21, 2010, the Cleburne County Circuit Court entered an order denying Grayson's motion to dismiss Couch, PLLC's breach-of-contract claim based on its finding that Couch and Couch, PLLC are separate legal entities.

Couch, PLLC correctly points out some errors in the order granting summary judgment. The order states that *Couch's individual* breach-of-contract counterclaim in the Pulaski County case was pending when the final order was entered. It was not. *Couch's individual* breach-of-contract counterclaim was extinguished when the first appeal of the Pulaski County case was taken in 2010 because in Couch's notice of cross-appeal filed at that time, he stated that he abandoned any pending but unresolved claims, which operated as a dismissal with prejudice of Couch's individual counterclaim for breach of contract. As stated earlier in this opinion, when we reversed and remanded the Pulaski County case for a trial in *Grayson & Grayson P.A. v. Couch*, 2012 Ark. App. 20, 388 S.W.3d 96, all of Couch's individual claims had been extinguished, and the only claims that remained to be tried were

18

Grayson's claims against Couch. In assigning error to the Cleburne County Circuit Court's order of summary judgment, Couch, PLLC argues that the Pulaski County Circuit Court made no ruling as to whether any contract existed on the Dewey matter because the only issues before the court pertained to Grayson's global breach-of-contract (and unjust-enrichment) action against Couch. Couch, PLLC states that the "global contract" that the Pulaski County Circuit Court found unenforceable is different than the case-specific breach-of-contract claim by Couch, PLLC in the Dewey matter, that res judicata does not apply, and that the Cleburne County Circuit Court's order of summary judgment in favor of Grayson must be reversed. For the following reasons, we agree that the trial court erred in granting summary judgment to Grayson.

Res judicata bars relitigation of a claim in a subsequent suit when five factors are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Powell v. Lane*, 375 Ark. 178, 289 S.W.3d 440 (2008). Furthermore, res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Id.*

We conclude, from the record presented, that contrary to the finding of the Cleburne County Circuit Court, res judicata does not bar Couch, PLLC's breach-of-contract action in Cleburne County because the fourth prong of res judicata—that the suits involve the same claim or cause of action—is not present. The Cleburne County Circuit Court's order is based

19

on the erroneous assumption that Couch's individual counterclaim for breach of contract was litigated and decided by the Pulaski County Circuit Court when it entered the December 10, 2019 order. As stated, at that point in the proceedings, all of Couch's claims in Pulaski County had long since been extinguished, and the only claims before the Pulaski County court were Grayson's claims against Couch. Moreover, having been dismissed for lack of proper service in 2009, Couch, PLLC was no longer even a party to the Pulaski County litigation. And, as pointed out above, the previous Cleburne County circuit judge specifically denied Grayson's Rule 12(b)(8) motion to dismiss because Couch, individually, and Couch, PLLC are distinct and separate entities.

Although the Pulaski County Circuit Court found that there were no agreements among the parties, it is important to recognize that the only alleged agreements that were before the trial court for decision were encompassed by an alleged "global agreement" wherein Grayson alleged that Grayson and Couch had agreed to divide the fees on all the cases in Couch's inventory. In both his testimony in the Pulaski County trial and in in his affidavit submitted in the Cleburne County litigation, Couch maintained that there was no agreement between Grayson and Couch individually and that there was no agreement between Grayson and Couch, PLLC on the cases identified in Grayson's Pulaski County complaint. Rather, Couch and Couch, PLLC asserted in both cases that there was an agreement between Grayson and Couch, PLLC to split fees *only in those cases that the parties worked on together or referred to other lawyers*, which *did not* include the five cases that Grayson sued on in Pulaski County. According to Couch, PLLC's breach-of-contract complaint filed

20

in Cleburne County, the Dewey matter was one such case because the parties jointly referred the matter to another attorney, and Couch, PLLC alleged that Grayson breached *that particular contract* because Grayson received a fee and refused to remit half the fee to Couch, PLLC. The breach-of-contract action brought by Grayson in Pulaski County alleged a breach of a global agreement due to Couch's failure to split fees in certain nursing-home cases that Couch had settled; whereas the breach-of-contract action brought by Couch, PLLC in Cleburne County concerned the specific attorney/client employment agreement in the Dewey claim, which the parties had undisputedly jointly referred to another attorney. Therefore, the fact that the Pulaski County Circuit Court found no global agreement between Grayson and Couch, individually, is not dispositive of Couch, PLLC's breach-of-contract claim in the Dewey matter since Couch, PLLC's claim involved a separate alleged contractual agreement independent of the alleged global contract. Simply put, Couch, PLLC's breach-of-contract claim in the separate Dewey matter was not litigated in the Pulaski County case; thus, the claim is not barred by res judicata.

The Cleburne County Circuit Court also found, erroneously, that res judicata barred Couch, PLLC's breach-of-contract claim because that claim *could have been* litigated in the Pulaski County case. This is not accurate because, as a result of Grayson's failure to serve Couch, PLLC with process, Couch, PLLC was dismissed from the Pulaski County litigation and was no longer a party to the lawsuit when the case went to trial and when the Pulaski County Circuit Court entered the final judgment. After our remand to Pulaski County Circuit Court in in *Grayson & Grayson, P.A. v. Couch*, 2012 Ark. App. 20, 388 S.W.3d 96,

21

the only claims that remained to be tried were Grayson's claims against Couch, individually—and Couch, PLLC, then a nonparty—could not have raised the issue. Nor could Couch, individually, pursue Couch, PLLC's breach-of-contract claim in the Pulaski County case. Couch, at all times in the Pulaski County litigation, denied that there were any agreements between Grayson and himself individually, and in the Pulaski County litigation, he filed what can be described as a compulsory counterclaim alleging, *only conditionally*, that *if* the trial court ruled in favor of Grayson on its claim that it had a global agreement with Couch individually, then Couch was pursuing relief for Grayson's breach in the Dewey matter. Couch later abandoned that claim when the first Pulaski County appeal was taken in 2010. However, Couch and Couch, PLLC consistently maintained both in Pulaski County and in Cleburne County that there was never any agreement between Grayson and Couch, individually, and the only agreements that existed were between Grayson and Couch, PLLC and encompassed a fee-splitting arrangement on the cases that were worked together or jointly referred. Further, in the Cleburne County litigation, Grayson acknowledged that Couch and Couch, PLLC were distinct entities because part of its defense was that any agreement it had was with Couch, individually, and *not* with Couch, PLLC. Couch, PLLC was dismissed from the Pulaski County case and Couch, a separate legal entity, was not authorized to bring a claim on Couch, PLLC's behalf. Therefore, we do not agree that res judicata precluded Couch, PLLC's Cleburne County complaint under the principle of res judicata that the claim could have been litigated.

Finally, we observe that if we affirm summary judgment in favor of Grayson, we would be rewarding its own error in failing to serve Couch, PLLC in Pulaski County. Had Grayson simply served Couch *and* Couch, PLLC in the Pulaski County litigation, then the Pulaski County Circuit Court clearly could have resolved all the issues raised in both cases by all the parties. The fact that Couch, PLLC's breach-of-contract claim was not litigated in Pulaski County along with the other claims is a product of Grayson's own dereliction.

For these reasons, we hold that Couch, PLLC's breach-of-contract action in Cleburne County Circuit Court is not foreclosed by res judicata and, therefore, that the court erred in granting Grayson's summary-judgment motion.

IV. *The Cleburne County Circuit Court's Denial of Couch,*
*PLLC's Summary-Judgment Motion*

Couch, PLLC also argues that its motion for summary judgment should have been granted. Ordinarily, an order denying a motion for summary judgment is not an appealable order. *Karnes v. Trumbo*, 28 Ark. App. 34, 770 S.W.2d 199 (1989). However, when the order denying the motion is combined with a dismissal on the merits that effectively terminates the proceedings below, it is appealable. *Shelter Mut. Ins. Co. v. Williams*, 69 Ark. App. 35, 9 S.W.3d 545 (2000).

Couch, PLLC argues that res judicata entitled it to summary judgment in the Cleburne County case based on the Pulaski County Circuit Court's statement in the December 10, 2019 final order that "[a]ny contract that existed was with the PLLC[.]" Couch, PLLC suggests that, in making this finding, the Pulaski County Circuit Court

23

decided the sole issue remaining in this case adversely to Grayson and that Grayson is precluded from litigating the issue again.

We do not agree with Couch, PLLC's interpretation of the Pulaski County order because, as we have stated previously, the Pulaski County Circuit Court actually found in that case that there was no enforceable contract at all. If viewed in a vacuum, one might conclude that the statement "[a]ny contract that existed was with the PLLC" might arguably constitute a finding that a contact *did exist* with the PLLC. But taken in context with the other findings of the Pulaski County Circuit Court, it is evident that the court found that there was no enforceable contract as alleged by Grayson because the terms were too uncertain. The Pulaski County Circuit Court found:

> The Grayson Firm failed to present evidence of reasonably certain essential terms of the contract it alleges existed to allow it to recover. There was never any meeting of the minds between the parties. The terms of the oral contract were too vague for a determination of any breach.
>
> . . . .
>
> Any contract that existed was with the PLLC, which was dismissed from this case in an earlier opinion by our Court of Appeals. See *Grayson, P.A. v. Couch*, 2012 Ark. App. 20, 388 S.W.3d 96. *Because the contract was unenforceable*, there is no need for a discussion about whether the true party to the action was David Couch individually, or David A. Couch, PLLC.

(Emphasis added.) The Pulaski County Circuit Court never found that there was a contact between Grayson and Couch, PLLC, much less a contract in the Dewey matter, which was not even before the trial court for decision. Therefore, Couch, PLLC's claim that it was entitled to summary judgment on the basis of res judicata is misplaced.

24

Couch, PLLC also argues that it was entitled to summary judgment because, in Grayson's pleadings filed in Pulaski County and in its answers to interrogatories in Pulaski County, Grayson admitted that Couch, PLLC was entitled to one-half of the fee in the Dewey matter. However, we point out that in the Cleburne County litigation, Grayson denied that it had a contract with Couch, PLLC in the Dewey matter. Although Grayson's prior concession in Pulaski County is something Couch, PLLC can argue in the Cleburne County litigation, this does not in our view entitle Couch, PLLC to judgment as a matter of law at this stage in the proceedings.

For these reasons, we conclude that the Cleburne County Circuit Court did not err in denying Couch, PLLC's motion for summary judgment.

V. *Conclusion*

In conclusion, for the reasons stated herein, we hold that the Cleburne County Circuit Court erred in granting Grayson's summary-judgment motion. We, however, find no error in the Cleburne County Circuit Court's denial of Couch, PLLC's motion for summary judgment. Accordingly, the order of summary judgment in favor of Grayson is reversed, and the case is remanded for further proceedings.

Order granting summary judgment reversed and remanded.

HARRISON, C.J., and GRUBER, J., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Robert S. Tschiemer*, for appellee.

25